H. D. SHEPARD, *et al.*, v. M. B. HAAS & Co.

1. AGREEMENTS—WRITTEN AND PAROL; *When both May be Shown.* Where a written agreement is obscure and uncertain, and clearly does not cover all the points which would ordinarily be settled between parties in an arrangement concerning the subject-matter of such agreement, it is error to refuse to permit inquiry as to whether there was or was not some independent cotemporaneous parol agreement concerning it.

2. ASSIGNMENT OF ERROR; *Sufficiency.* An assignment of error in these words—"that the court erred in· ruling out the evidence offered by A. B. (the plaintiff in error,) on the trial of said action, to which said A. B. at the time excepted,"—is sufficient.

*Error from Osage District Court.*

ACTION by *M. B. Haas* and *H. B. Haas*, as partners, against *Shepard & Playford*, as partners. Trial at the November Term 1873. Verdict and judgment in favor of plaintiffs, and *Shepard & Playford* bring the case here. The error complained of was the exclusion of certain testimony, as to which the facts are stated in the opinion.

*James Rogers*, for plaintiffs in error, contended, that it was not irrelevant and incompetent to introduce verbal testimony to show what the contract between Haas & Co. and Wheat was relative to the purchase of the note and mortgage; that the papers called a contract are so vague, indefinite, and uncertain, of themselves, that they are meaningless without explanation, and that the court should have allowed them to be explained. The papers of themselves are only receipts; but they refer to an agreement which may be conditional, or positive, or both, and which plaintiffs in error had a right to prove in support of their set-off.

*Ellis Lewis*, for defendants in error:

1. The petition in error only assigns as error—"That the said court in ruling out the evidence offered by the said H. D.

S. and J. J. P. on the trial of the said action, to which they
at the time excepted." This is not a good assignment under
the statute; civil code, § 544. The assignment of errors re-
lied upon must be specific. 38 Ind., 61; 37 Ind., 357;
9 Ind., 419.

2. Wheat and Haas & Co. had entered into a *written* con-
tract in reference to a particular matter, and whatever rights
Wheat had acquired under that written contract with Haas &
Co., he might assign, and nothing more; and the court did
nothing but "exclude parol evidence tending to *vary* a writ-
ten contract." Such evidence can be given to explain a writ-
ten contract, and Wheat was allowed to do this. A written
instrument may be both a *receipt* and a *contract.* Anything
that needed *explanation* was explained. But when plaintiffs
in error offered to show a contract *different* from the writing,
it was properly excluded.

The opinion of the court was delivered by

BREWER, J.: Defendants in error brought an action on an
account for merchandise sold and delivered to plaintiffs in
error. The correctness of this account was not disputed, but
plaintiffs in error claimed an offset as follows: They alleged
in substance that Haas & Co. (the defendants in error) sold
and agreed to assign to one Joseph Wheat a note and mort-
gage of the value of $351.25; that the money paid by Wheat
therefor was the money of H. D. Shepard & Co., and that
all claims for the money and the note and mortgage were
assigned to plaintiffs in error, and that defendants in error
refused to return the money, or assign the note and mortgage.
Upon the trial it appeared that these papers were executed at
the time of the negotiations between Haas & Co. and Wheat:

"BURLINGAME, AUG. 13th, 1872.

"Rec'd of Joseph Wheat one draft at sight, dated August
13th 1872, for $200, on Messrs. Gregory, Strader & Co.,
Kansas City, Mo., which, if said draft of $200 is paid and
promptly honored and be placed to the credit of Joseph
Wheat, in full of the account of Craig & Wheat.    HAAS & CO.
Otherwise this receipt to be of no effect, and void."

"Which if said property is foreclosed to be bought by Haas & Co., and make a deed to Joseph Wheat. August 13th, 1872.                                    HAAS & CO.

The expense to be paid of foreclosing and costs by Jos. Wheat."

Upon the presentation of these papers, (for they are spoken of as two exhibits,) the court ruled out all evidence tending to show any agreement between the parties other than as therein expressed, and this is the alleged error. The direct question was asked the witness Wheat, whether there was any other and further agreement between Haas & Co. and himself than is expressed in these writings — but the court sustained an objection to the question. It appeared from the evidence that the property referred to in the exhibits was a mortgage on some property in Newton, Kansas. The witness Wheat testified that the last clause in the second exhibit referred to the costs of foreclosing this mortgage. He was also asked at whose option this mortgage was to be foreclosed, and whether the mortgage was to be foreclosed without his request, and whether Haas & Co. were to do anything in case there was no foreclosure. All these questions were objected to, and the objections sustained. In these rulings we think the court erred. Doubtless these exhibits are something more than receipts. They are, in some parts at least, evidently contracts, and thus within the rule which forbids parol testimony to vary or contradict written agreements. But the existence of a written contract does not always exclude the possibility of a cotemporaneous parol agreement bearing upon the same general subject-matter, yet referring to some point or phase of it not expressed in the writing. And this written agreement, obscure and uncertain as it is, evidently does not reach to all the matters of ordinary consideration in a transaction like the one at bar. Without noticing others, it is enough to refer to the question at whose option the foreclosure was to be had. Upon this the written agreement is silent, and nothing can be implied from the language used concerning it, yet it was a proper matter of agreement, and one ordinarily determined in such an agreement. But whatever were

the facts of the case, it is possible that there was some cotemporaneous parol agreement, not contradicting nor varying the written, and yet having some bearing upon the matters in issue. The court refused to let the witness testify whether there was or not, and in this erred. It is true, that the first part of the exhibits speaks of the receipt of the $200 as in full payment of an account; but it is also evident from the remaining portion that either in consequence or as a part consideration of the payment, the witness Wheat had some rights in a note and mortgage in the possession of Haas & Co. What the extent of those rights was, is from the papers doubtful. Perhaps it would have been made clearer if the rejected testimony had been admitted.

But it is insisted by counsel for defendant in error that the assignment of error is insufficient. The assignment is — "that the said court erred in ruling out the evidence offered by the said H. D. Shepard and J. J. Playford, on the trial of said action, to which they at the time excepted." And it is objected, that it does not specify the particular evidence whose rejection is assigned for error. Notwithstanding the authorities cited from Indiana, by the learned counsel, it seems but a necessary deduction from questions already decided in this court to hold the assignment sufficient. *DaLee v. Blackburn*, 11 Kas., 190.

The judgment of the district court will be reversed, and the case remanded for a new trial.

All the Justices concurring.