## ANDREW C. SCHNELL v. FRANCIS M. JAY.

1. LIMITATIONS—*Statute of.* The statute of limitations adopted from Nebraska by provisions of the Organic Act, did not begin to run until May 2, 1890 at which time the cause of action is first subjected to its operation.

2. ACTION—*Time for Beginning May be Extended.* When the time in which an action may be brought has not expired, the legislature may extend the time.

3. SAME—*Nebraska Rule.* Under the Nebraska Statutes a cause of action was deemed commenced, as to the defendant, at the date of the summons which was served on him.

4. SAME—*Indiana Rule.* Under the Oklahoma Statutes of 1890, adopted from Indiana, a civil action was deemed commenced from the time of issuing summons.

5. SAME—*Rule Applied.* When the statute of limitations was two years, and the complaint was filed September 30, 1890; summons issued April 5, 1892, and served same day the action should be deemed commenced under the Statutes of 1890, and was not barred by the two year's limitation at the time the action was commenced.

The opinion of the court was delivered by

BURFORD, J.: The defendant in error on June 24, 1890, filed his complaint against several defendants, claiming damages for assault and false imprisonment. One M. E. Schnell was made a party defendant and the summons served upon Andrew C. Schnell, the plaintiff in error, whom it is alleged was generally known by both names. Several amended complaints were filed, and finally on September 13, 1890, the name of Andrew C. Schnell was substituted for M. E. Schnell. On April 5, 1892, plaintiff obtained leave of court to issue summons for Schnell, which was duly issued on said day and served and returned same day. On the following day Schnell appeared and filed his demurrer to the complaint. One of the grounds of demurrer was that the action was not commenced within the time prescribed by the statute of

limitations.   The court overruled the demurrer, to which
Schnell excepted.   Answer was then filed, which con-
sisted of a general denial, and a plea of the statute of
limitations.   The allegation in the complaint is that the
assault was committed on August 17, 1889.

At the time the complaint was filed the statutes adopted
from Nebraska were in force in this Territory. According
to the provisions of that statute, actions of this character,
were required to be brought within one year from the
time the cause of action accrued.  At the time the assault
was committed there was no statute of limitations in force
in Oklahoma, and the Nebraska statutes did not become
operative until May 2, 1890, and by the terms of the act
of congress, putting said statutes in force in Oklahoma,
they only continued in force until the adjournment of the
First legislative assembly of Oklahoma, which was De-
cember 25, 1890.   The cause of the action stated in the
complaint in this cause did not accrue as contemplated
in the Nebraska statutes of limitations until such time
as an action could be brought under its provisions.

In the case of *Sohn v. Watterson*, decided by the su-
preme court of the United States, 17 Wallace, 596, it
was held, "that in construing a statute of limitations, it
must so far as it affects rights of action in existence
when the statute is passed, be held, in the absence of
contrary provision, to begin when the cause of action is
first subjected to its operation."   The cause of action in
the case at bar did not accrue, until May 2, 1890, and
the statute gave one year from that time in which to
bring the action.   While the complaint was filed and
Schnell made a party defendant during the time the Ne-
braska laws were in force, it does not clearly appear that
he was served with summons within that period, and
hence the action was not deemed commenced under that

statute.   The Nebraska Statutes in force when the com plaint was filed, § 19, Code Civil Procedure, Compiled Statutes Nebraska, 1889, provides: "An action shall be deemed commenced within the meaning of this title as to the defendant, at the date of the summons which is served on him."

The summons issued in this case which was served on Schnell was dated April 5, 1892, so that the cause of action was not commenced under the Nebraska Statutes. The one year's limitation prescribed by the Nebraska Statutes had not expired at the time the Oklahoma Statutes adopted by the first legislative assembly took effect.    These Statutes fixed the limitation on this class of actions at two years, and prescribed that the statute should begin to run as to causes of action arising prior to the adoption of the Organic Act, on May 2, 1890. The time in which Jay could have brought this action not having expired at the date the Nebraska laws were superceded by the Oklahoma Statutes, the legislature had the power to extend such time.    (1 Wood on Limitations, §§ 11 and 12.)

The Oklahoma Statutes, 1890, adopted from Indiana, § 1, art. 7, ch. 70 provides:

"A civil action shall be commenced by filing in the office of the proper clerk, a complaint and causing a summons to issue thereon, and the action shall be deemed commenced from the time of issuing summons."

The summons which brought Schnell into court was issued April 5, 1892, and he appeared to the action April 6, 1892.    At this time the two years limitation which then operated on the cause of action had not expired, and the action was commenced as to him within the period of limitation, and there was no error in overruling his demurrer.

There are no other questions presented in this cause by the record before us.

The judgment of the district court is affirmed with costs.

Dale, C. J., who presided in the court below, not sitting. All the other Justices concurring.