S. P. RICHARDSON, *as Administrator of the estate of Daniel Richardson, deceased*, v. ANDREW MACKAY, JR.

1. ERROR—*Sufficiency of Assignment.* That "the court erred in overruling the motion of the plaintiff in error for a new trial," is a sufficient assignment of error to review all the questions raised upon motion for a new trial.

2. MOTION FOR NEW TRIAL—*Sufficiency of.* A motion for new trial on the ground of error in the assessment of the amount recovered, it being too large, and that the findings are not sustained by sufficient evidence, is sufficient to challenge the correctness of the judgment rendered as to the amount of the same, and as to whether or not there was any evidence to support the findings of fact on a particular question.

3. STATUTE OF LIMITATION—*When the Statute Bars.* The statute of limitation of this Territory does not begin to run against a cause of action until the cause is brought under the operation of the statute; and where a cause of action arose in another state, the statute of limitation does not begin to run against it until the debtor becomes a resident of this Territory.

4. STATUTE OF LIMITATION OF ANOTHER STATE—*Pleading and Proof—Presumption as to Similarity of Laws.* In order that a debtor may avail himself of the benefits of the Statute of 1890, which provides that, "When a cause of action has been fully barred by the laws of any state or country where the defendant has previously resided, such bar shall be the same defense in this state (meaning Territory) as though it had arisen under the provisions of this title," it was necessary for him to allege the statute of the other state, and prove that the cause of action was barred by it; and the court cannot, in such a case, presume that the statute of another state, where it is alleged the debtor had resided, was the same as the statute in this Territory.

*Error From the District Court of Kingfisher County.*

Andrew Mackay, Jr., brought his action in the district court of Kingfisher county on the 6th day of April, 1894, to recover the sum of six hundred and thirty-nine dollars and forty-six cents, alleged to be the balance due from the estate of Daniel Richardson, on his endorsement of a certain promissory note of John P. Jones, which note, with the endorsements thereon, is as follows:

[$268.00.]         KEYTESVILLE, Mo., May 13, 1876.

"One day after date, I promise to pay to the order of Daniel Richardson, two hundred and sixty-eight dollars,

for value received, negotiable and payable without defalcation or discount, and with interest from date at the rate of 10 per cent. per annum, and if the interest be not paid annually, to become as principal, and bear the same rate of interest.          JOHN P. JONES."

Endorsed as follows, to-wit:

"September 21, 1885, by seven dollars and fifty cents on the within note of J. P. Jones; April 12, 1889, credited by ten dollars, on the within note of J. P. Jones; February 10, 1891, credit by eleven dollars and ninety-five cents, to apply on this note (collection on account of Daniel Richardson); December 5, 1893, credit by seven hundred and forty-four and 22-100 dollars, to apply on this note, on account of estate of Daniel Richardson, balance due on store room and lot at Keytesville, Mo.

"Waiving protest and notice of dishonor, for value received, I assign this note to A. Mackay, Jr., this 24th day of February, 1882."

The petition alleged presentment to the administrator of the estate of Daniel Richardson, and the refusal to allow the same.

The defendant, S. P. Richardson, administrator, filed his answer setting up three defenses. *First*, a general denial of the plaintiff's petition, with an admission of the execution of the note and the transfer thereof, as alleged. *Second*, a denial that the payments endorsed on the note were made by the deceased, or with his consent, and alleging that no payment was ever made by any person authorized by the deceased, and that by reason of the premises the note was barred by the statute of limitations. *Third*, that in November, 1885, the plaintiff and Daniel Richardson entered into a contract, whereby it was agreed that the plaintiff should purchase from one W. E. Hill, a certain trust deed, to secure the payment by the deceased of the sum of one thousand dollars, which deed was before that time executed on a

certain lot in Keytesville, Missouri, by Daniel Richardson; and that by the terms of the agreement the plaintiff was to advance the necessary funds to purchase said trust deed for Daniel Richardson, and charge the same to his account, and to take and hold the property for him, and to re-convey the same to Daniel Richardson, his heirs or assigns, upon the payment of the amount of the purchase price advanced on such encumbrance, and all other sums of money due the plaintiff from Daniel Richardson; and that Daniel Richardson, in his lifetime, had paid all of the purchase price of said premises. and all other sums of money which he owed the plaintiff, and that Daniel Richardson, at the time of his decease, was not indebted to the plaintiff in any sum whatever; and that on the 10th day of April, 1886, the trustee under the trust deed sold the property to the plaintiff for the use and benefit of Daniel Richardson; and that he had collected large sums of money as rents and profits thereof, and had never accounted therefor. And the defendant asked that the plaintiff be required to render a full, true and correct account of his doings in reference to the property, and that the defendant have judgment against him for the sum found to be due.

To this answer the plaintiff replied, *first*, in general denial. *Second*, alleging that the note was not barred by the statute of limitations, because of payments made theron and written acknowledgements of said debt, and promises to pay the same. *Third*, admitting the trust set out in the defendant's answer, and alleging the application of all rents and profits, less expenses, commissions, insurance and taxes, to the payment of two notes of $195 and $114, respectively, of the deceased, Daniel Richardson, and that the balance was applied on the note sued on. Also that the trust property remained in the name

of the plaintiff, and was, on the 5th day of December, 1893, worth the sum of twelve hundred dollars, for which amount he had given the estate of Daniel Richardson credit, and that the sum sued for remained due. *Fourth,* joining in a counter-prayer that the plaintiff be permitted to present a correct statement of his account with the estate of the deceased.

·Afterwards, upon an order of the court, the plaintiff filed copies of letters referred to in his reply, and also an account with Daniel Richardson, giving the various notes which he alleged he held against Daniel Richardson, and the collections of money, and the charges made by him for taxes, insurance, fees, commissions, etc., and the credits which he had made upon the several notes from the proceeds of the collections and the trust property. And also setting out copies of the notes for $195 and $114, which were made to the plaintiff at Keytesville, Missouri, on January 8, 1876, and April 17, 1877, respectively. This account was unverified.

Upon agreement of parties M. J. Kane was appointed referee to try the cause and return to the court his findings of fact and conclusions of law thereon.

On the 10th day of November, 1894, after hearing all the evidence adduced by both parties and the arguments of counsel, the referee made the following findings of fact, and conclusions of law:

" FINDINGS OF FACT:

" The note sued on in this action was made at Keytesville., Mo., on the 13th day of May, 1876, by John P. Jones, one of the defendants, payable to Daniel Richardson, one day after date. On the 24th day of February, 1882, Daniel Richardson assigned the note to this plaintiff, Andrew Mackay, Jr., in words and figures as follows :

" ' Waiving protest and notice of dishonor, for value received, I assign this note to A. Mackay, Jr., this 24th day of February, 1882.'

" At the time this note was executed Daniel Richardson was a resident of the state of Missouri, and continued to reside there until the —— day of April, 1883, at which time he moved to the state of Kansas ; that said Daniel Richardson resided in the state of Kansas, for about six years, and thereafter a short time in the state of Oregon, and on the —— day of May, 1890, he came to the territory of Oklahoma, and resided here until the 8th day of June, 1893; that on the 8th day of June, 1893, Daniel Richardson died, and in due time S. P. Richardson, one of the defendants in this cause, was regularly appointed administrator of the estate of said Daniel Richardson; that within the time prescribed by law, the plaintiff herein presented a statement duly verified by affidavit, of the amount he claimed was due him on this note, to said defendant, S. P. Richardson, as the administrator of the estate of said Daniel Richardson, which claim was rejected.

" The evidence and admissions in the pleadings further show that on or about the 20th day of November, 1885, the said plaintiff and Daniel Richardson, deceased, made and entered into a contract whereby it was agreed that the said plaintiff should purchase from one W. E. Hill a certain deed of trust securing the payment of the sum of $1,000 before that time executed by one —— —— upon and covering the fifteen feet front (middle part) of lot one, (1), block one, (1), Bridge street, in the town of Keytesville, Chariton county, Missouri, wherein one J. C. Crawley was named and designated as trustee; that by the terms of said agreement said plaintiff was to advance the necessary funds for the purchase of said trust deed for the said Daniel Richardson, deceased, and charge the same to the account of said Daniel Richardardson, deceased, and take and hold the said trust deed and all rights accrued or to accrue thereunder, for the sole use, benefit and behoof of the said Daniel Richardson, and was to reconvey to said Daniel Richardson, his

heirs or assigns, all rights, title and interest which might have accrued to the said plaintiff under said trust deed, upon payment to him of the amount of the purchase price advanced, and all other sums of money due the said plaintiff from the said Daniel Richardson, deceased.

"That about the 30th day of December, 1885, Daniel Richardson authorized this plaintiff to sell the property at Keytesville, Mo., or to manage it to suit himself. That about the 5th day of December, 1893, said plaintiff placed a value of $1,200 on said property and gave said Richardson credit for part of said sum in extinguishment of other debts due said plaintiff from Daniel Richardson, and the balance amounting to $744.22, was credited on the note sued on in this cause. The referee gathers from the pleadings of both parties and the evidence adduced that there is no serious contention between them as to the above disposition of this property, and that the only dispute is as to the value of the property, and the amount that said Richardson should be given credit for. Taking the evidence as a whole, the referee is of the opinion that $1,400 was a reasonable value of said property at the time said property was applied as above and that said Richardson ought to have been given credit with said sum, to which said findings of fact said plaintiff and said defendant, S. P. Richardson, administrator, excepts."

'From the foregoing findings of fact, the referee finds the following conclusions of law:

## "CONCLUSIONS OF LAW.

"The burden of proof is on the defendant to show that said note is barred by the statute of limitations. The evidence shows that Daniel Richardson was not in the Territory long enough for the statute of this Territory to bar the collection of the note sued on in this cause. In order for the defendant to take advantage of the statute of limitation of the state of Missouri—the state where the note was made—the defendant must set

up and prove the statute. The referee cannot take judicial notice of the statutes of other states.

"The referee further finds that the assignment of said note is sufficient to charge said estate on said note, and that said plaintiff is entitled to judgment against said defendant, S. P. Richardson, administrator, on said note, for the amount claimed in said petition, less the sum of $200 which the referee finds said defendant should be given credit for.

"Therefore, said referee holds: That the said plaintiff should have judgment against the defendant, S. P. Richardson, administrator of the estate of Daniel Richardson, deceased, in the sum of $471.63, together with the costs of suit, assessed at $——, to which conclusions of law, and all of them said plaintiff and defendant excepts.

"The referee herewith returns into court all the papers, evidence, proceedings had in said cause before him, together with briefs of attorneys, and very respectfully submits his report.

"M. J. KANE, Referee."

Whereupon the defendant moved to set aside the report and findings of the referee, and grant the defendant a new trial, for the following reasons, to-wit:

1.  Error in the assessment of the amount of recovery, the same being too large.

2.  That the report and findings of the referee are not sustained by sufficient evidence.

3.  That said findings and report are contrary to law.

4.  Errors of law occurring at the trial and excepted to by the defendant, Richardson, at the time.

This motion was overruled, and judgment rendered for plaintiff in the sum of $471.63, and costs. From this judgment the defendant brings the cause here for review. The case made contains all the pleadings, papers, evidence, findings of fact and conclusions of law, motion for new trial and rulings and judgment of the court. Reversed.

*Antrobus & Stevens*, for plaintiff in error.

*W. W. Noffsinger*, for defendant in error.

The opinion of the court was delivered by

BIERER, J.: There are two preliminary objections to the consideration of the errors assigned for the reversal of the judgment appealed from. The first is, that the assignments of error made by the appellant in his petition are insufficient to entitle the cause to review. Five assignments of error are made. Four of them are, indeed, very informal, and unskillfully drawn, but we think the other is sufficient. The one we hold sufficient is: "The court erred in overruling the motion of plaintiff for a new trial."

This assignment is sufficient upon which to review the action of the court in overruling the motion made by the defendant below to set aside the report of the referee and grant him a new trial; and sufficient to entitle appellant to a consideration of the questions presented upon his claim that the amount assessed against him was too large; and that the findings of the referee were not sustained by sufficient evidence. (*DaLee v. Blackburn*, 11 Kan. 190; *Shepard v. Haas & Co.*, 14 Kan. 443.)

The case of the *The Walter A. Wood Mowing and Reaping Company v, Farnham*, 1 Okla. 375, is not in conflict with the holding we now make on this question; and if it were we would not consider it in point here, for that case was determined under the Indiana practice, then in force, while this case arose, and must be determined, under the Kansas practice. In the case last cited from Kansas, the supreme court there refused to follow the Indiana decisions; and we do not think that they should be followed under our present practice.

The second objection is that the sufficiency of the evi-

dence to sustain the report of the referee, and the amount recovered, as found by him, cannot be considered, because the evidence was not preserved by proper bill of exceptions signed by the referee. This objection cannot be sustained. The record shows that the defendant below did except, before the referee, to his finding's of fact and conclusions of law, and that the referee returned with his report all the evidence in the case, and the case made shows that it contains all of the evidence taken in the case. It was sufficient to present the questions (now urged upon this court) to the trial court; and they were presented and passed upon, and we consider the record sufficient to present them here.

We pass, then, to the merits of the case.

It is claimed by the appellant that the findings of fact made by the referee show that the plaintiff's action was barred by the statute of limitations, and that judgment should have been in his favor upon this question.

The finding is that the note was made by John P. Jones to Daniel Richardson at Keytesville, Missouri, on the 13th day of May, 1876, and due one day after date; and endorsed to the plaintiff on February 24, 1882. There is no finding that any of the credits alleged to have been made by the deceased, Richardson, in his lifetime, or the written acknowledgments and promises to pay the same were ever made; but the referee found for the plaintiff on the theory that the defendant had not been in this Territory five years, so that the five years' statute of limitations in this Territory, barring actions on promises in writing, would have run at the time the action was brought, and that the burden of proof was upon the defendant to show that the action was barred by the statute of limitations of the state of Missouri, the state where the note was made; and as the defendant had

not plead and proved the latter statute, the action was not barred.

Had the proposition been stated a little more broadly by the referee he would have been correct. Had he stated that the burden was upon the defendant to allege and prove that the statute of some other state or territory, where the deceased had resided before coming to this territory, had barred this action, he would have stated the law correctly. The findings show that the deceased, Daniel Richardson, became a resident of this territory in May, 1890. And we have already held, in the case of *Schnell v. Jay,* this volume, p. 157, following the case of *Sohn v. Waterson,* 17 Wallace, 596, that the statute of limitations does not begin to run against a cause of action until the cause comes under the operation of the statute; and under this rule the five years' statute here would not have barred this action; and if the action was barred at all it was by virtue of that provision of the statute of Nebraska, placed in force here by the Organic Act, which was the statute of limitations existing here at the time the defendant became a resident of the territory in May, 1890, and which provided:

"When a cause of action has been fully barred by the laws of any state or country where the defendant has previously resided, such bar shall be the same defense in this state as though it had arisen under the provisions of this title." (Nebraska Statute of 1889, p. 855.)

Under this statute, and it is the most favorable one of the different statutes we have had so far as the claims of the defendant are concerned, the cause of action against the deceased, Daniel Richardson, was not barred, unless it had been fully barred by the statutes of one of the states where he had formerly resided, and it was provided that it might be shown as a defense that this bar of the statute existed. We refer to the Nebraska stat-

22—IV.

ute alone, for we have seen that the limitation did not fully run after the deceased, Richardson, came to this Territory; and if the action was barred at all, it was because of this provision in the Nebraska statute quoted. And if it was not barred by this statute, it has not become so by any of the subsequent ones, for the Indiana statute, following the Nebraska statute, was no broader, and the Kansas statute, following the latter, is narrower, in its provisions in this respect than the former; and, also, if the cause of action was barred by the Nebraska statute, it could not have been revived by any of the subsequent ones.

· It is not necessary, for a person to maintain an action in this Territory upon an obligation made elsewhere, that the person suing shall either allege or prove that the statute of limitation of some other state or territory did not bar the action before the defendant came here. It is only necessary that he shall show that the limitation of this Territory has not fully run.

The defendant claims that the presumption of law is that the statutes of other states upon a particular question are the same as ours, and that this presumption exists until it is alleged and proved to the contrary; and that, as our statute ot limitation is five years, there being no allegation or proof to the contrary, the court will presume that the statutes of Missouri, of Kansas and of Oregon, on this question, were the same as ours. This proposition of law, asserted as an abstract proposition, is correct; but it is not applicable to the present case. The question here is, not whether the cause of action was barred by the limitation of this Territory, but whether it was barred by the statute of limitation of another state, which, being shown, would put the statute here into operation upon the particular case. That was

the Nebraska statute, and the Nebraska statute made this a ground of defense to be shown by the party who claimed the bar in the former state to have existed. It is a substantive defense, the burden of which must be carried by the party resorting to it.

This question was raised in the case of *Gillett v. Hill*, 32 Iowa, 220, under the Iowa statute, which was identical in substance with the Nebraska statute in force here in 1890. The cause of action there sued on had originally arisen in New York, and concerning the matter, the court said:

" And it is by the laws of the state of New York that the sufficiency of the answer, as avering facts constituting a bar by the statute of limitation, is to be determined. In the absence of such averment in respect to the laws of New York, the answers are insufficient, for we cannot presume, for the purpose of creating a substantive defense, that such is the law of New York. "

The conclusion reached, therefore, that the statute of limitation had not been shown by the defendant to have run against this cause of action before the deceased became a resident of Oklahoma, and that the Oklahoma statute had not barred the action, was correct.

It is strongly urged by the plaintiff in error that the proof shows that the cause of action was not kept alive by either payment or written acknowledgement of its existence, and while he lived elsewhere than in Oklahoma; but these contentions must all fall under the defect in his pleading, the pleading, as we have seen, not being good to support the first claim; and it is no better for the several others.

The next contention for a reversal of the judgment is that the referee allowed a large number of credits to the plaintiff upon his account as trustee, without proof of the same, which, being allowed, diminished the credit which

should have been given upon the note sued on. These credits, as has been before stated, were for insurance, taxes, commissions and trustee fees, growing out of the administration of the trust arising from the Missouri property. The account was filed in court after the filing of the reply, and was not verified. There was no denial of its correctness by the defendant, but, even if it should be considered as filed as a part of the reply, the account being unverified by affidavit, its correctness was taken as disputed and denied; for our statute provides, with certain exceptions, which include the correctness of an account which is supported by affidavit, that all allegations of fact made in the reply shall be taken as denied. It was, therefore, incumbent upon the plaintiff, before he could be allowed these items, that he should prove their correctness. The evidence is all in the record, and as to most of these items there was not a scintilla of evidence offered. The referee should, therefore, have disallowed those not supported by any evidence; and as he took as a basis of his computation the amount of the balance which Mackay claimed by his statement to be due, and deducted from this amount only the sum of two hundred dollars which he found should have been allowed for the Missouri property, more than the plaintiff allowed, he necessarily charged the defendant with these various items which the plaintiff charged and failed to prove.

The motion for a new trial, on the ground that the assessment of the amount of recovery was too large, and that the findings were not supported by sufficient evidence, in this respect should have been sustained.

The judgment is reversed, with directions to grant a new trial at the cost of defendant in error.

McAtee, J., who presided in the court below, not sitting; all the other Justices concurring.