### GEORGE M. SOUTHGATE v. B. M. FRIER.

(Filed June 15, 1899.)

LIMITATIONS—*Statute of—Time of Taking Effect.* Under a statute of territorial limitations, the time of limitation commences when the cause of action is first subjected to the operation of the statute, unless the legislature has otherwise provided. The legislature of Oklahoma having adopted a statute of limitations in 1890, which was abolished, and a new statute adopted in 1893, the effect of this legislation was to renew the causes of action which had not expired before the new statute took effect, the legislature not having otherwise provided.

(Syllabus by the Court.)

*Error from the District Court of Pottawatomie County;* before B. F. Burwell, District Judge.

*Pendleton & Madden,* for plaintiff in error.

*T. G. Cutlip* and *B. B. Blakeney,* for defendant in error..

STATEMENT OF THE CASE.

This was an action brought in March, 1897, by B. M. Frier against George M. Southgate to recover upon a promissory note, payable November 16, 1891. The case was tried by the court without a jury, upon an agreed statement of facts, by which it was admitted by the plaintiff and defendant.

that the note sued on was executed in the state of Kansas and that plaintiff is a resident of the state of Kansas; that before the maturity of the note the defendant, G. M. Southgate, on September 1, 1891, left the state of Kansas, and came into the Territory of Oklahoma, and that he has continuously resided in the county of Pottawatomie, Territory of Oklahoma, since the said 1st day of September, 1891, and is still a resident of said county and Territory; that said note has not been paid by said Southgate, nor has he authorized any one to pay it; that the statute of limitations had only run about two and one-half years under the Statutes of Oklahoma of 1890 when the statutes of Oklahoma of 1893 took effect. It was agreed by the counsel for plaintiff and defendant that the only question presented by the demurrer of plaintiff is as to whether or not the statute of limitations had run on the cause of action herein at the expiration of five years from the date the cause of action accrued under the Statutes of Oklahoma of 1890, viz. November 16, 1891, of if the plaintiff has five years from the date the Statues of Oklahoma went into effect in which to commence his action on the note described in plaintiff's petition. It was also agreed that the court shall consider the above facts the same as though they were disclosed by the petition and answer herein, and that it shall enter judgment in conformity with its ruling on the demurrer, without evidence. On this statement judgment was rendered for the plaintiff, from which the defendant, G. M. Southgate, appeals. Affirmed.

Opinion of the court by

McAtee, J.: It was provided in the Statutes of 1890 p. 930, art. 43, sec. 2, that "the following actions may be

brought within the time herein limited respectively after their causes accrue, and not afterwards, except when otherwise specially declared: *   *   Those founded on written contracts and those brought for the recovery of real property within five years." The Statutes of Oklahoma of 1893, which went into effect August 14, 1893, provided in ch. 66, art. 3, sec. 18, that "civil actions *   * can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: First. Within five years: An action upon any agreement, contract or promise in writing."

It is contended by the plaintiff in error that, since the cause of action accrued in November, 1891, after that time, and up to the 14th day of August, 1893, the statute of 1890 was applicable, and that he is entitled to the benefit of the statute of limitations provided by that statute; and that when the statute of limitations included in the Statutes of 1893, which went into force on August 14, 1893, took effect, that statute did not have the effect to extend the right of the defendant in error to recover for five years from the last-named date, but that, under the protection of the Statute of 1890, the defendant in error's right to recover ceased in November, 1896.

It is contended by the defendant in error that, while two years of the time limited for recovery upon the note had run under the statute of 1890, yet that act was repealed by the subsequent act, which went into force upon the 14th day of August, 1893, and that the computation of time within which the plaintiff was entitled to recover upon the note was extended by the operation of the last-named act, and that the statute of limitations upon the

note sued upon herein, under that act, was from the 14th day of August, 1893.

In the case of *Schnell v. Jay*, 4 Okla. 157, 46 Pac. 598, in an action which accrued on August 17, 1889, and in which suit was begun against the plaintiff in error on April 5, 1892, it was held by this court that the one-year limitation prescribed by the Nebraska Statutes, which were in force here at the date upon which the action accrued had not expired at the time that the Oklahoma Statutes of 1890, adopted by the first legislative assembly, took effect; and that the Statutes of 1890 fixed the limitation of the class of actions involved at two years, and that, "the time in which Jay could have brought this action not having expired at the date the Nebraska laws were superseded by the Oklahoma Statutes, the legislature had the power to extend such time." The demurrer of Schnell had been overruled in the district court, and it was held here that no error had been committed. This determination in the case of *Schnell v. Jay* was reaffirmed in *Richardson v. Mackay*, 4 Okla. 337, 46 Pac. 546, and the determination expressly based in both cases upon *Sohn v. Waterson*, 17 Wall. 596, in which it was expressly stated that, in construing the statute of limitations, at least so far as it affects the rights of action in existence when the statute is passed, it ought, in the absence of contrary provision, to begin when the cause of action is first subjected to its operation. And the syllabus of that case declared that, "under a statute of state limitations, the time of the limitation commences when the cause of action is first subjected to the operation of the statute, unless the legislature has otherwise provided." The effect of these successive statutes of limitation, enacted by the legislature, was to renew the

·causes of action which had not expired before the new statute took effect, the legislature not having otherwise provided. The judgment of the lower court is therefore affirmed.

Burwell, J., having presided in the court below, not sitting; all of the other Justices concurring.