## M. B. KEAGY v. THE WELLINGTON NATIONAL BANK

(Filed July 18, 1902.)

1. **CONTRACT—Exempt From Liability—Evidence.** In an action against a resident of the Territory, to recover upon a contract executed outside the Territory, and at a time when the defendant was a non-resident of the Territory, the plaintiff is not required to plead or prove facts showing that the obligation is not barred by the laws of the state where the defendant formerly resided. Such question is a matter of defense, and unless the defendant pleads and proves the law of the foreign jurisdiction, and the concomitant facts necessary to bring his case within our statute of limitations, the courts can afford him no exemption from liability.

2. **LIMITATIONS—Statute of.** The statute of limitations will not begin to run against a cause of action until the case is brought under the operation of the statute, and where the cause of action arose in another state, the statute of limitations does not begin to run against it until the debtor becomes a resident of the Territory.

3. **SAME—Statute of—Presumption.** Where a note was executed in the state of Kansas, and the suit brought to recover on such note in this Territory, and the statutes of limitation of Kansas are neither pleaded or proven, this court will presume that the laws of that state are the same as the laws of Oklahoma.

4. **JUDGMENT—Not Res Judicata, When.** Where two persons are sued as co-defendants and answer separately, and not by way of cross petition, or make default, the judgment of the court adjudicating the rights of the plaintiff as against such defendants, will not be res judicata as to any of the merely relative rights as between the defendants themselves.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bay ard T. Hainer, Trial Judge*

*James Lawrence* and *Levi Ferguson,* for plaintiff in error.

*W. C. Tetirick* and *D. S. Rose,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: This is an action brought in the dis-

trict court of Kay county in this territory by the Wellington National bank of Wellington, Kansas, on the 14th day of June, A. D., 1898, against M. B. Keagy, the plaintiff in error, to recover upon a note made by Keagy to the bank on January 14, 1889, for the sum of $1,200, payable thirty days after date, with ten per cent interest from maturity.

The plaintiff to take the case out of the statute of limitations, pleaded payments of interest; also that Keagy, before the expiration of five years after the maturity of the note, became a non-resident of Kansas, and became a resident of this territory, and that at the time of the commencement of this action he had not resided in this territory five years.

Keagy, the defendant below, joined issue by filing an unverified answer denying the alleged payments of interest, and also a general denial, and admitted the execution of the note. He also pleaded that the matter was *res judicata.* A trial was had by the court without the intervention of a jury, and resulted in a judgment in favor of the bank and against Keagy, for the amount of the principal and unpaid interest, and the defendant below brings the case here for review.

It is argued by counsel for plaintiff in error that the note sued on was a contract between residents of the state of Kansas, and the bank's right of action was barred by the laws of that state, and hence by our statute at the time of bringing this suit. And they base this contention on the alleged failure of proof to show that Keagy had been "absent" from the state of Kansas. The plaintiff in error is in no position to present this question. The note sued on was dated January 14, 1889, and was due thirty days

after date.   If no payments had beeɪ / made, the five years' limitation would not have expired un ;il February 14, 1894. The proof showed that Keagy removed from Kansas in September, 1893, and took up his residence in Kay county, Oklahoma, and continued to live there until the time of the trial. · When it was shown that he left Kansas and came to Oklahoma to live, and did live there continuously, the presumption would arise that he was absent from Kansas during all of that period.   (*Keith v. Steller,* 25 Kaɳ. 100.)

There was no obligation resting on the plaintiff below either to plead or prove that his cause of action was not barred by the state of Kansas.   The note showed on its face that it was executed in the state of Kansas, and the plaintiff alleged in its petition that the defendant, Keagy, had not been a resident of Oklahoma for a period of five years prior to the commencement of its action.   This court cannot take ·judicial notice of the laws of Kansas.   The question as to whether the cause of action on the note was barred by the statute of limitations either of Kansas or of Oklahoma was one of fact, and there being nothing on the face of the petition to show that the cause of action was barred, it became a matter of defense, and devolved upon the defendant to plead the laws of the state of Kansas, and such a state of facts as would show that the right to recover upon the note had been barred, and then prove both the law and the facts.   This question was expressly decided by this court in *Richardson v. Mackay,* 4 Oklá. 328, 46 Pac. 546.

The defendant, Keagy, took no steps whatever to establish the law of Kansas relative to limitations of actions

either by his pleadings or proof. The endorsements of credits on the note were not material to any issue in the case, except to determine the amount recoverable on the note. These credits endorsed on the note, if not admitted by a failure to deny them under oath, were at least *prima facie* evidence of payments, and were competent to go in evidence. The defendant was present at the trial, and did not offer any proof to controvert the truth or correctness of the credits, and the presumption is that he made the payments as shown by the credits on the note. (*Pears v. Wilson et al.* 23 Kan. 343.)

The uncontroverted evidence showed that Keagy moved from Kansas and took up his residence in Oklahoma in the month of September, 1893. This action was commenced in June, 1898. Our five years limitation did not begin to run until the defendant, Keagy, became a resident of Oklahoma. Under a statute of limitations, the time begins to run when the cause of action is first subjected to its operation. (*Schnell v. Jay*, 4 Okla. 157, 46 Pac. 598; *Richardson v. Mackay*, 4 Okla. 328, 46 Pac. 546; *Sohn v. Waterson*, 17 Wall. 596; *Southgate v. Frier*, 8 Okla. 435, 57 Pac. 841.)

The legislature of 1895 amended section 18, of article 3, chapter 66, Statutes 1893, on the subject of limitations of actions, which had the effect to repeal said section, and create a later period for the commencement of the operation of the five years limitation on the note in suit.

This act was approved February 28, 1895, Session Laws 1895, p. 183, and the bank had five years from that date in which to commence its action against Keagy in this territory.

The next contention of plaintiff in error is that the matters in issue had been previously adjudicated in an action in the courts of Kansas. There is absolutely no merit whatever in this contention. The record introduced in evidence shows that in the year 1887 the defendant, Keagy, executed a note to the Southern Kansas mortgage company for the sum of $1,000, and secured the same by mortgage upon eighty acres of land in Sumner county, Kansas. The note was assigned to one James H. Hyatt; Keagy made default, and in December, 1890, Hyatt brought an action in the district court of Sumner county, Kansas, to recover judgment on his note, and for foreclosure of the mortgage. The Wellington National bank was made a co-defendant with Keagy, and it was alleged in the petition that the bank claimed some interest in or lien on the real estate described in the mortgage, and it was asked that it be required to come in and make known its claim. The bank was served and made default. Judgment was recovered by Hyatt against Keagy and the mortgaged premises sold to satisfy his lien. If the bank had any lien upon the real estate, it might have set up its interest by way of cross petition, and had its lien or interest determined, in so far as it affected the interest of Hyatt, but a failure to do this does not affect any rights the bank had against Keagy, its co-defendant. It was not called upon in that action to litigate its differences with Keagy, but to assert any claims it had adverse to Hyatt, the plaintiff, or failing so to do, be barred so far as his rights were concerned only.

The supreme court of Indiana, in *Harvey v. Osborn*, 55 Ind. 535, very appropriately said:

"Where two parties are sued in the same action, and

one files a separate answer to the complaint and not in the nature of a cross complaint against his co-defendant, such co-defendant cannot, under our code of practice, demur, or reply to, or join issue in any manner upon such separate answer. And in such a case the finding and judgment of the court on an issue joined on such separate answer by the plaintiff, will not necessarily conclude and determine any of the merely relative rights of the defendants as between themselves."

In the case at bar, it is very clear that the Wellington National bank could not be concluded or estopped as to any matter or existing right between it and Keagy by the judgment of the court on the issues joined between Hyatt and Keagy.

We find no error in the record. The judgment of the district court of Kay county is affirmed at the cost of the plaintiff in error.

Hainer, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.