**MARLEY COOLING TOWER COMPANY and National Union Fire Insurance Company, Petitioners,**

v.

**Howard COOPER and Workers' Compensation Court, Respondents.**

No. 74383.

Supreme Court of Oklahoma.

July 2, 1991.

As Corrected Aug. 1, 1991.

Paul V. McGivern, Jr., Daniel L. Crawford, McGivern, Scott, Gilliard, McGivern & Robinson, Tulsa, for petitioners.

Thomas Whalen, Whalen & Collinson, Tulsa, for respondent Howard Cooper.

LAVENDER, Justice:

The only question we must answer is whether a three judge panel of the Workers' Compensation Court was correct in affirming an order of a trial judge awarding workers' compensation benefits over an argument by petitioners, Marley Cooling Tower Company and its insurance carrier National Union Fire Insurance Company (hereafter collectively Marley), the one year statute of limitation found at 85 O.S.1981, § 43 barred the claim for permanent partial cumulative hearing loss caused by noise exposure at the workplace brought by respondent, Howard Cooper. We hold the three judge panel did not err nor the Court of Appeals in sustaining the decision of the three judge panel.

Cooper worked for Marley from 1967 until March 1986. He testified he was exposed to noise emitted from machines at the workplace such as welding machines, chatter guns, air grinders, punches and drills during his work. The deposition of Dr. T.D., with attachments, including the medical report of Dr. T.D., was admitted into evidence, along with an addendum report, which opined Cooper suffered from a 29.25% binaural hearing loss caused by exposure to noise while employed at Marley. On appeal Marley challenges only denial of its statute of limitation defense. Marley presents two alternative arguments supporting its claim of error.

First, it asserts error because the trial court determined the running of the statute

of limitation was tolled under now repealed 85 O.S.1981, § 8 beginning sometime in 1984 on the basis Marley either "[w]as or should have been aware...." by that time Cooper's hearing loss was caused by exposure to noise at the workplace and it failed to notify him of his rights to file a claim for benefits. It asserts § 8 requires *actual notice* on an employer's part and because no actual notice was shown error was committed by the trial court by allowing a standard based on "should have been aware" to suffice to toll the limitation period under § 8. Marley relies primarily on *Derryberry v. City of McAlester*, 695 P.2d 853 (Okla.1985), to support its view *actual notice*, rather than some form of presumed notice, is necessary before the tolling aspect of § 8 was triggered. It, thus, argues the running of the statute of limitation was not tolled at all by the effect of § 8.

Alternatively, Marley argues, assuming the evidence was sufficient to toll the running of the limitation period under § 8, the one year period found at 85 O.S.1981, § 43 began to run on July 15, 1985, the effective date of the repeal of § 8 and because the instant claim was not filed until January 8, 1987 the claim was time-barred. Along with this argument it asserts the amendment of § 43 by the Legislature in 1985 [85 O.S.Supp.1985, § 43(A)] which provided a new limitation period of two years from last trauma or hazardous exposure cannot be used to extend the limitation period based on its interpretation of *B.F. Goodrich Company v. Williams*, 755 P.2d 676 (Okla.1988).

We have determined we need not reach any issue concerning § 8 here for a very simple reason. Marley failed to show in the first instance Cooper's claim for hearing loss was time-barred by the provisions of § 43 *at the time* the two year limitation period found at § 43(A) became effective on November 1, 1985 and Cooper, therefore, had at a minimum two years from the effective date of § 43(A) to bring his claim, which he did by filing in January 1987.[1] In conjunction with our decision we note Marley has misinterpreted *B.F. Goodrich Company* to the effect § 43(A) has no application to this matter.

Marley got Cooper to admit at the hearing before the trial judge he was aware at least by the end of 1984, *i.e. December 31, 1984*, of the causal connection between a hearing loss he had experienced and the workplace. He was so aware because at some *unspecified* time during 1984 a doctor told him of the connection. *Nothing* in the record, including answers by Cooper to cross-examination questions put to him by Marley's attorney, *shows Cooper was aware of the causal connection between his hearing loss and the workplace prior to the end of 1984.* In fact, in regard to both its arguments in connection with the tolling effect of § 8, Marley appears to acknowledge it showed no date of awareness on Cooper's part prior to December 31, 1984. This date then is the date the one year limitation period of § 43 would have commenced running under the test enunciated in *Coy v. Dover Corporation/Norris Division*, 773 P.2d 745 (Okla.1989) and *Munsingwear v. Tullis*, 557 P.2d 899 (Okla. 1976).[2]

1. The initial burden of proof was on Marley to show Cooper's claim was time-barred by the applicable statute of limitation at the time he filed with the Workers' Compensation Court. *See Armco, Inc. v. Holcomb*, 694 P.2d 937, 939 (Okla.1985); *Bennett v. Scrivner, Inc.*, 694 P.2d 932, 935 (Okla.1985). *Only then* was it incumbent Cooper carry any burden to show the running of the limitation period was tolled by Marley's non-compliance with the notice requirements of 85 O.S.1981, § 8. *Id.* As we will detail, Marley failed in the first instance to show Cooper's claim has ever been barred by an *applicable* statute of limitation and there has, thus, never been a need to reach any issue

under § 8 concerning the tolling of the running of the statute of limitation.

2. Although the trial court stated in his order Cooper "[W]as aware, from health care professionals, that his job at [Marley] was doing harm to his hearing *at least by 1984*" (emphasis added) and this *might* be taken to mean he was aware by the *beginning* of 1984, review of the record shows *this could not be the case*. There is absolutely *no* evidence which would support such a finding. At most, Cooper's testimony was to the effect he was informed of the causal connection *sometime* in 1984, apparently by a Dr. McFarland, a doctor he had been referred to

Prior to expiration of the one year period a new provision, § 43(A), took effect which, as noted, provided a two year limitation period from the date of last trauma or hazardous exposure. Such change had the effect of affording Cooper, at a minimum, two years from the effective date of § 43(A) to file his claim for the reason Cooper's claim was not time-barred on November 1, 1985, the effective date of § 43(A) and no right was vested *in Marley* at such time to insist the claim be ruled by the one year limitation of § 43.

Generally, statutes of limitation are viewed as procedural rather than substantive and no rights vest in them until a claim becomes time-barred by a statute which governs it. *Trinity Broadcasting Corporation v. Leeco Oil Co.*, 692 P.2d 1364, 1366 (Okla.1984). Only when a claim is time-barred by an applicable statute does a defendant to an action have a vested right to insist that no subsequent change by the Legislature can revive a claim *already barred* by the lapse of time. OKLA. CONST. art. 5, § 52. Further, insofar as a statute of limitation affects rights of action *in existence* when it becomes effective, in the absence of a contrary provision, a new limitation period covering a claim begins to effect the claim when it is first subjected to the new statute's operation. *Trinity* at 1366–1367. Such has been the law in this jurisdiction since at least 1896. *Schnell v. Jay*, 4 Okl. 157, 46 P. 598 (Okla.1896). We ruled in *Schnell* that where an action accrued under a then applicable one year Nebraska limitation statute which had not expired at the time the Oklahoma statutes adopted by the Legislature took effect fix-

ing a two year period, the new limitation period had the effect of extending the limitation period an additional two year period. *Id.* 46 P. at 598–599. *See also Southgate v. Frier*, 8 Okl. 435, 57 P. 841 (Okla.1899).

We further recognized as recently as 1989 in *Coy*, relying on *B.F. Goodrich Company v. Williams, supra*, that if a cause *was not time-barred* by § 43 a claimant would have two years from the effective date of the amended version, i.e. § 43(A), to file his claim. *Coy* at 748. This recognition is essentially consistent with the general view espoused in *Trinity*, *Schnell* and *Southgate*.

Marley argues *B.F. Goodrich* stands for the rule an additional two year period is allowed *only* where the limitation period of § 43 *had not commenced running because no awareness prior to the effective date of the new § 43(A) had been shown.* It misconstrues *B.F. Goodrich* in such regard.

In *B.F. Goodrich* the employer was attempting to argue § 43(A) should *retrospectively* be applied by its terms to provide a two year statute of limitation *from last trauma or exposure to bar a claim* for hearing loss *where the claimant's last date of employment was December 31, 1983.* In essence, the employer was arguing, even though claimant had no awareness of injury and the causal link with employment until 1986, his claim should have been barred within two months of the effective date of § 43(A). We rejected this argument and afforded the claimant two full years from the effective date of § 43(A). Nowhere in the opinion, however, did we limit the general rule espoused in

by his family physician. The record would also support a finding he was informed *sometime* in 1984 of the same thing by his family physician, but nothing more. Marley, having the initial burden to show the claim was time-barred (note 1, *supra*) *never* pinned Cooper down as to an exact date or, even, approximate date, i.e. early, middle or late 1984. This is obviously why Marley utilizes the date of December 31, 1984 as the date Cooper was aware of the connection between his hearing loss and noise at the workplace in both of its arguments presented to this Court. No other date is supportable on this record. Thus, based on the record below and Marley's own arguments to us we conclude the

limitation period of 85 O.S.1981, § 43 began to run on December 31, 1984, the date Cooper can be charged with awareness under the test set forth in *Coy v. Dover Corporation/Norris Division*, 773 P.2d 745 (Okla.1989) and *Munsingwear v. Tullis*, 557 P.2d 899, 903 (Okla.1976). We finally note Marley has never raised an argument on appeal based on *Coy, supra*, that Cooper was or should have been aware as a reasonably prudent person of the causal connection between his hearing loss and the workplace *prior to the end of 1984* by information he may have possessed independent of and before his being informed by a health care professional of the connection *sometime* in 1984.

*Trinity, Schnell* and *Southgate* or indicate it was not applicable in the workers' compensation arena. There was, in fact, no reason to reach the issue of whether a claim that had accrued through awareness, but had not been time-barred at the effective date of § 43(A) would continue to be controlled by the one year period provided by § 43.

We now decide the question and determine the general rule is applicable here. Marley has advanced no argument of legislative intent to vary the general rule when it enacted § 43(A) and our review of the provision has revealed no such intent. Thus, Cooper having filed his claim in January 1987 filed within two years of the effective date of § 43(A) and the statute of limitation provided no bar to his recovery of benefits under the workers' compensation laws.[3]

Accordingly, the decision of the Court of Appeals is VACATED and the decision of the three judge panel is SUSTAINED.

OPALA, C.J., HODGES, V.C.J., and SIMMS, DOOLIN, HARGRAVE, ALMA WILSON and SUMMERS, JJ., concur.

KAUGER, J., concurs in result.

---

**3.** Although we need not decide it here because Cooper filed his claim within two years of the effective date of § 43(A), there is an argument to be made under the general rule set out in the text that the limitation period would not have expired until two years *after* March 1986, the date Cooper left Marley's employment. This is so for the reason the specific wording of § 43(A) provides the limitation period does not commence until two years *after last trauma or hazardous exposure. See Rockwell International v. Reed,* 804 P.2d 460 (Okla.Ct.App.Div. I, 1990).