*J. Gavin* and *J. D. Miller*, for appellees.

---

TINDER *v.* THE DUCK POND DITCHING ASSOCIATION.

PRACTICE.—*Motion for New Trial.*—All grounds for a new trial must be presented to the court below, in order to be available in the Supreme Court.

STATUTE.—*Ditching Law.*—The ditching law having been repeatedly held constitutional, the Supreme Court refused to again discuss the question.

Tinder *v.* The Duck Pond Ditching Association.

APPEAL from the Hendricks Circuit Court.

PETTIT, J.—This was an appeal from an assessment of benefits to appellant's land by the construction of appellee's ditch. There was a trial by the court, finding for appellee, and motion for a new trial overruled, exception taken, and judgment on the finding.

The only legal assignment of error is the overruling of the motion for a new trial. The causes for a new trial are, first, that the decision of the court is not sustained by sufficient evidence; second, that the decision of the court is contrary to law.

There is no cause for a new trial that the court admitted improper or rejected proper evidence; hence the questions that might arise under such a cause for a new trial are not before us, and cannot be considered. All causes for a new trial relied upon must be presented to the court below, in order to make them available in this court.

As to the first cause for a new trial, we need only to say that the evidence is conflicting, to put the action of the court below on it beyond our reach or control, by numerous decisions of this court; but we will add that it fully warranted the finding and judgment.

Under the second cause for a new trial, it is suggested and attempted to be shown that the ditching law is unconstitutional. If this were a new question we might be inclined to enter into its discussion at length; but this court has repeatedly held this and all kindred acts of the General Assembly constitutional and valid, and we are not disposed to overrule these decisions.

There is no error in the record subject to our notice, according to the rules of law and practice.

The judgment is affirmed, at the costs of the appellant.

*C. C. Nave* and — *Nave*, for appellant.

*L. M. Campbell*, for appellee.