The Louisville, New Albany and Chicago Railway Co. *v.* Henly *et al.*

---

No. 9629.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* HENLY ET AL.

PRACTICE.—*Demurrer.—Supreme Court.*—The Supreme Court can not consider whether there was error in overruling a demurrer which is not in the record.

SAME.—*Bill of Particulars.*—The want of a bill of particulars with a complaint can not be reached by motion to make the complaint more specific.

SAME.—*New Trial.—Bill of Exceptions.—Evidence.—Verdict.*—Where the bill of exceptions does not contain all the evidence, the Supreme Court will not consider whether the verdict is contrary to law, or supported by sufficient evidence, or whether the damages are excessive.

The Louisville, New Albany and Chicago Railway Co. *v.* Henly *et al.*

EVIDENCE.—*Agent.*—*Conversations.*—*Res Gestæ.*— *Contract.*—The conversations of an agent of the defendant authorized to make and modify the contract sued on, had at the time concerning it and its terms, are proper evidence for the plaintiff; so, also, the conversations of others which are part of the *res gestæ.*

SAME.—*Answers to Interrogatories.*—*Corporation.*—The answers made by a defendant corporation to interrogatories filed with the complaint are proper evidence for the plaintiff.

From the Washington Circuit Court.

*G. W. Friedley* and *E. D. Pearson*, for appellant.

*J. H. Louden* and *R. W. Miers*, for appellees.

FRANKLIN, C.—Appellees sued appellant in the Monroe Circuit Court, upon a contract to run an excursion train of cars from Mitchell, in Lawrence county, to Indianapolis, in Marion county, Indiana, and return. The complaint was in two paragraphs. The first was a general paragraph for money had and received for their use; the second was upon the special contract. A demurrer is claimed to have been overruled to each of the paragraphs. A motion to make the first paragraph more specific was also overruled.

The plaintiffs with their complaint filed interrogatories to be answered by the defendant. The defendant moved to strike out the interrogatories, which is claimed to have been also overruled, and answers to the interrogatories were filed. Issues were made, and the venue changed to the Lawrence Circuit Court, and from there to the Washington Circuit Court, where a trial was had before a jury, and a verdict returned for the plaintiffs for $173.57; and, over motions for a new trial and in arrest of judgment, judgment was rendered upon the verdict. · Appellant has assigned as errors each of the foregoing rulings.

The record in this case in relation to the making up of the issues is very much confused. It shows that a demurrer was filed to the amended complaint, but does not contain the demurrer, or show any ruling upon it. Without the demurrer we can not judge of the causes, even if a ruling was shown.

There is a demurrer in the record that had been filed to the original complaint before amendment, and the record shows that without any ruling upon it, and while it was pending, on leave of the court the complaint was amended. This took that demurrer out of the record, and it ought to have remained out, along with the original complaint. We can not tell whether or not the demurrer filed to the amended complaint was for the same causes that are stated in the demurrer to the original complaint, and no question is presented by the demurrer for the consideration of this court.

As to the motion to make the first paragraph of the complaint more specific, it is in the common-law form, and substantially in the statutory form. Had the motion been to require a bill of particulars to accompany it, instead of to make it more specific, the motion would perhaps have been sustained. There was no error in overruling the motion as made.

It is insisted with great earnestness by appellant that the motion to strike out the interrogatories filed with the complaint should have been sustained. The record does not show any ruling upon the motion; but, without further objections, the answers to the interrogatories were filed. No question is presented to this court by this motion and specification of error.

The motion for a new trial states the following reasons : The verdict is contrary to law; is not sustained by the evidence; the damages are excessive; and error occurring at the trial, in permitting appellees to testify to a conversation with appellant's general ticket agent in relation to the running of the train; in permitting Henly, one of the appellees, to testify that the local agent of appellant at Bloomington had told him that the company would run the train for $400; and in permitting the answers to the interrogatories to be read in evidence to the jury.

Appellees' counsel insist that the first three reasons for a new trial can not be considered by this court, because the bill of exceptions shows that it does not contain all the evidence

given upon the trial of this cause. This is true. Although the bill of exceptions states that it contains all the evidence given in the cause, yet it shows that a certain statement in writing furnished by appellant to appellees, containing the account of all the moneys received at each of the stations on the railroad line, for tickets sold for the excursion train, from and including Mitchell to Roachedale, was given in evidence, but it nowhere appears in the bill of exceptions.

A substitute therefor claimed to be different, furnished by appellant's general ticket agent at the time of the trial, is in the bill of exceptions; but the former statement which was given in evidence is important evidence for the appellee, and they have a right to insist that the case shall not be considered by this court upon the evidence, in the absence of said important part of their evidence; hence, we do not consider the first three reasons stated for a new trial.

As to the admissibility of the testimony in relation to the conversation with the general ticket agent, the contract appears to have been that the train should be run on the 10th day of December, 1881; that the plaintiffs guaranteed $400 for the train, and paid $200 in advance as a bonus; that they were to have all that was realized on the first 300 tickets that were sold, and one-half of all the balance realized for the sale of tickets except the ones sold at Greencastle Junction. It was then contemplated to run the train from the junction over the Indianapolis and Terre Haute Railroad track; but before the time arrived the appellant made arrangements with the Indianapolis, Decatur and Springfield Railroad Company to run the train from Roachedale to Indianapolis over their track. This extended the line of travel over defendant's road 15 or 20 miles further north. On the 9th of December, 1881, the day before the train was run, appellant's general ticket agent was in Bloomington, when appellees complained of the change in the route, and the agent told them that they ought not to complain, for the change would only give them that many more stations and that much more territory to work up and

MAY TERM, 1883. 539

The Louisville, New Albany and Chicago Railway Co. v. Henly et al.

in which to sell tickets, and he exhibited to them a list of the stations and the number of tickets that he supposed would be sold at each station north of Greencastle Junction until they reached Roachedale, where they would be transferred to the other road. And this is the conversation testified to, of which appellant complains.

The evident meaning of the contract is that all of the tickets sold over the first 300, except those at the point where the train was to be transferred to another road, should be equally divided between the parties, and by this conversation the parties understood that the change of route transferred that point from the Greencastle Junction to Roachedale. The general ticket agent made the original contract with appellees, and was competent to change it. Appellant was bound by the change, and we think the testimony was competent; there was no error in its admission.

The testimony of Henly, that the local agent at Bloomington had told him that the company would run the train for $400, was also objected to. Henly was leading in getting the arrangement for the excursion train, and in the beginning of the negotiations he applied to the local agent at Bloomington to learn what it could be obtained for, who, after enquiring at headquarters, informed him that it could be had for $400. In pursuance of this information, the contract was finally consummated upon the aforesaid basis. There is nothing wrong in the admission of this testimony; it only explains a part of the general transactions that led to a consummation of the contract.

The admission in evidence of appellant's answers to the interrogatories filed with the complaint was also objected to.

This objection is based upon the ground that appellant, being a corporation, could not be required to answer interrogatories, and the answers, furnished by any of its officers or agents, could not bind the corporation; that the officers and agents were competent witnesses, and, not being parties to the suit, could only be required to testify as other witnesses. We

do not think this question is properly presented by an objection to the reading of the answers in evidence. A corporation only speaks through and acts by its agents.

Appellant selected its own agent to answer the interrogatories, and filed the answers as its answers. Section 303 of the Code of 1852, 2 R. S. 1876, p. 156, provides that "the answer to the interrogatories may be used or not on the trial, at the option of the party requiring it." Under this statute appellees had the right to read in evidence to the jury the answers to the interrogatories, and there was no error in the admission of this evidence.

We find no available error in this record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.