THE WALTER A. WOOD MOWING AND REAPING
COMPANY V. A. A. FARNHAM.

*[Opinion Filed June 20, 1893.]*

1.  GUARANTOR—*Liability of.*—In a complaint against a guarantor·of a promissory note it is not necessary to allege diligence on the part of the payee to make collection from the maker of the note; and a complaint failing to allege such diligence is not bad on demurrer.

2.  SAME—*Insolvency of Maker.*—Nor is it necessary to allege the insolvency of the maker, or that an effort had been made to collect the note from the payor.

3.  SAME—*When Liable.*—The guarantor of a promissory note is liable at once on the maturity of the note, if such note be not paid by the maker. The fact that the note is not paid at maturity fixes the liability of the guarantor.

4.  MOTION FOR NEW TRIAL.—*When Reviewed.*—Unless the bill of exceptions is shown on its face to contain all of the evidence, this court will not review the action of the court below in overruling the motion for a new trial because the verdict is not sustained by the evidence.

*Appeal from the Probate Court of Canadian County.*

*R. S. Smedley,* for Appellant.

*C. E. Blake,* for Appellee.

The opinion of the court was delivered by

BURFORD, J.:—The appellee, the Walter A. Wood Mowing and Reaping Company, brought their suit in the probate court of Canadian county to recover judgment against appellant, Farnham, on several promissory notes executed by divers persons to the appellee, and bearing the following endorsement :

"For value received I hereby guarantee the payment of the within note, demand for payment, protest and notice of protest waived.

A. A. FARNHAM."

The complaint contained a separate paragraph for each of the several notes.

Trial was had by jury and verdict returned in favor of plaintiffs' for $455.99, and judgment rendered on the verdict.

The case comes to this court by appeal.

The record shows that a demurrer was filed to the complaint in the court below, and overruled, to which ruling the appellant excepted. The ruling of the court on this demurrer is assigned as error, and brings the complaint before this court for review. The demurrer is for want of sufficient facts to constitute a cause of action.

It is contended by appellant that he is a guarantor only, and is not primarily liable on said notes, and that in order to render him liable as such guarantor, the complaint should allege some diligence on the part of the payees to collect from payors.

We do not think this position is well taken. The appellant has, as the endorsement purports, for value received, guaranteed the payment of said notes, and waived demand and notice.

In the case of *Nading v. McGregor*, 6 L. R. A. 686, the supreme court of Indiana very aptly said :

"It is often a question of very great difficulty to determine whether a particular instrument of writing constitutes a strict guaranty, or whether it constitutes an original undertaking. In a strict guarantee the guarantor does not undertake to do the thing which his principal is bound to do, but his obligation is that the principal shall perform such act as he is bound to perform, or, in the event he fails, that the guarantor will pay such damages as may result from such failure. It is this feature which enables us to distinguish a strict or collateral guaranty from a direct undertaking or promise, so that when an instrument of writing resolves itself into a promise or undertaking on the part of the person executing it to do a particular thing which another is bound to do, in the event such other person does not perform the act himself, it is said to be an

original undertaking and not a strict or collateral guaranty. In the latter class of contracts the under-taking is in the nature of a surety, and the person bound by it must take notice of the default of his principal." (*Ward v. Wilson*, 100 Ind. 52 ; *Wright v. Griffith*, 23 N. E. 281 ; *La Rose v. Logan Nat. Bank*, 102 Ind. 332 ; *Riddle v. Thompson*, 104 Pa. 330.) .

It has been repeatedly held that where a note is endorsed "I guarantee the payment of this note" that the guarantor was bound for the payment of the note in the first instance. (*Burnham v. Gallentine*, 11 Ind. 295 ; *Studabaker v. Colby*, 54 Ind. 586 ; *Cole v. Bank*, 60 Ind. 350.)

The undertaking of the appellee in this case is not a strict or collateral guaranty, but is a direct original promise to pay. (*Frash v. Polk*, 67 Ind. 55; *Ward v. Wilson*, 100 Ind. 52.)

When the stipulation is to pay the debt or perform the contract of another, absolutely and at all events, the obligor should be held liable without notice of default. In such cases the contract is more the nature of a contract of suretyship, or a direct original personal promise than that of a guarontor. (*Ward v. Wilson*, 100 Ind. 52.)

In the case at bar, if the appellant suffered any loss or damages by the default, negligence or laches of the appellee, it is proper matter of defense, and the complaint was not bad for failing to aver the insolvency of the payors of the notes or that an effort had been made to collect said notes from the payors.

There are 13 assignments of error in this cause. The 3d we have already considered. The others, ex-cept the 11th, present no questions for our considera-ation. The matters complained of relate to rulings of the court during the progress of the trial and are all proper subjects for a motion for new trial.

It is well settled that a cause for new trial not presented in the court below cannot be considered in the supreme court, and that a party making a motion for a new trial is bound by the reasons assigned therein as shown by the record and can urge no others in the supreme court. (*Tinder v. Duck Pond D. Ass. N.*, 38 Ind. 555; *Ringle v. Bicknell*, 32 Ind. 369; *Sharpe v. O'Brien*, 39 Ind. 501; *Rhodes v. Mummery*, 48 Ind. 216.)

The eleventh assignment of error is that the court erred in overruling appellant's motion for new trial.

This brings before us all the reasons properly and sufficiently set forth in the motions for a new trial.

The motion for a new trial contains but two specifications, viz:

"1. That the verdict and decision is not sustained by sufficient evidence and is contrary of law.

"2. Errors of law occurring at the trial and excepted to by the defendant."

The motion was overruled and exception saved. The record does not purport to contain the evidence. Where the bill of exceptions does not contain all the evidence, the supreme court will not consider whether the verdict is contrary to law, or is supported by sufficient evidence. (*L., N., A. & C. Ry. Co. v. Henley*, 88 Ind. 535.)

When a question cannot be fully considered without an examination of all the evidence, it must affirmatively appear by bill of exceptions that all the evidence is in the record. (*L., N., A. & C. Ry. Co. v. Murdock*, 82 Ind. 381.)

The second reason assigned as cause for new trial, viz: "Errors of law occurring at the trial and excepted to by the defendant," is too general, uncertain and indefinite to present any question for this court.

Judge Elliott, in his valuable work on Appellate Procedure p. 786, § 848 says:

"If the court in matters pertaining to the trial violates settled rules of law or procedure, and harm results to the complaining party, he is entitled to a new trial. But it is necessary that it should appear inferentially or directly that the irregularities were of such materiality as to prejudice his substantial rights. The particular irregularities must be specified. It is not sufficient to employ the general words of the Statutes."

Again in § 853 the author says:

"Errors of law committed by the court on the trial are grounds for a new trial, but to be available, they must be specified with particularity. It is not sufficient to employ general terms, although they are such as the statute supplies. Each ruling is required to be specified."

And this rule is based on sound reason and good practice.

It is eminently proper that all alleged irregularities should be specifically pointed out to the trial court in in the motion for new trial, and the court given an opportunity to review its proceedings with deliberation, and correct its errors, if any has, in the haste attending trial, been committed.

And if the court overrules a motion of this character and exception is saved, an assignment of error in the supreme court, that the trial court erred in overruling the motion for new trial, will bring all the alleged causes for new trial before the appellate court for review, and the causes for new trial need not be specifically assigned as error in the supreme court.

We find no error in the record and the judgment is affirmed at costs of appellant.

All the Justices concurring.