## FIRST NAT. BANK OF WETUMKA v. NOLEN.

No. 7564—Opinion Filed May 2, 1916.

(157 Pac. 754.)

### 1. Appeal and Error—Presenting Questions in Trial Court—Motion for New Trial.

The statutory ground for a new trial, viz., "error of law occurring at the trial and excepted to by the party making the application," will, when embraced in the motion for new trial, present on appeal any objection or exception made to the instructions at the trial in the statutory way.

### 2. Same—Instructions—Inconsistency.

The instructions as a whole must be consistent and harmonious, and, where two instructions contain inconsistent propositions, the cause will be reversed, for the reason that the court is unable to tell which the jury followed and which they ignored.

(Syllabus by Mathews, C.)

Error from County Court, Hughes County; J. Ross Bailey, Judge.

Action by J. M. Nolen against the First National Bank of Wetumka. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Jno. E. Turner, for plaintiff in error.

Crump, Skinner & Anglin, for defendant in error.

Opinion by MATHEWS, C. The parties will be designated as in the trial court. This action was instituted in the county court of Hughes county to recover the sum of $157.76 which plaintiff claimed was due him from said defendant bank, being his balance on deposit in said bank. It appears from the evidence that on the 11th day of September, 1913, the plaintiff procured a loan from said bank in the sum of $600. The plaintiff was given a credit on the books of the bank for $400, and the controversy arose over the balance, $200. The defendant bank claimed that, at the time of the aforesaid transaction, the plaintiff was given a deposit credit of $400 and was paid $200 in currency. The plaintiff denied that he was paid $200 in currency, and claimed that he should have received a deposit credit for that sum also. It was admitted that the plaintiff was due the bank $42.24 for an overdraft. The case was tried to a jury, which returned a verdict in favor of plaintiff. in the sum of $157.76, which was the amount sued for, less the said overdraft. Defendant's motion for a new trial having been overruled, it has perfected an appeal to this court. The defendant moved for a new trial upon the following grounds:

"First. The verdict is not sustained by sufficient evidence.

"Second. The verdict is contrary to law.

"Third. Errors of law occurring at the trial of said cause and excepted to by the defendant."

The assignment of error, so far as pertinent, is as follows:

"(1) The court erred in overruling the motion of defendant for a new trial.

"(2) The court erred in giving instruction numbered 1, as follows, to-wit:

"'You are instructed, gentlemen of the jury, that in this action the plaintiff is not entitled to recover unless he has established by a preponderance of the evidence, each and every material allegation in his petition.

"'If you believe by a fair preponderance of the testimony that the First National Bank, of Wetumka, Okla., loaned to J. M. Nolen, the plaintiff herein, $600, and that the bank gave said Nolen credit for $400 and paid him $200 in currency, then you will find for the bank.'"

The principal ground for reversal of this cause urged by the defendant is because of certain alleged erroneous instructions. The instructions complained of were regularly excepted to at the trial, but the plaintiff contends that the statutory ground for a new trial, "errors of law occurring at the trial and excepted to by the defendant," is too general and indefinite to reach exceptions to the instructions of the trial court, and for that reason not sufficient to raise any question in this court concerning the correctness of the instructions given in the trial of the case.

It is conceded that there is an apparent conflict in the authorities of this state on this question. The case of Walter A. Wood Co. v. Farnham, 1 Okla. 375, 33 Pac. 867, supports plaintiff's contention, while the case of Glaser et al. v. Glaser et al., 13 Okla. 389, 74 Pac. 944, supports defendant. The rule laid down in the case of Walter A. Wood Co. v. Farnham, supra, seems to have been approved in the case of Shuler et ux. v. Collins. 40 Okla. 126, 136 Pac. 752, and in the case of Gast v. Barnes, 44 Okla. 107, 143 Pac. 856, and in the judgment of the writer of this opinion is the rule that should have been adhered to in this jurisdiction; but in the recent cases of Cavanagh v. Johannessen, 57 Okla. 149, 156 Pac. 289, this exact question was under consideration by Judge Roberts, and while he was inclined to follow the rule laid down in the case of Walter A. Wood Co. v. Farnham, supra, yet, on account of the fact that the rule laid down in the case of Glaser et al. v. Glaser et al., supra, had long been followed and was the accepted practice in this state. he was of the opinion that it would work a hardship to establish the more strict rule contended for by plaintiff here.

It seems the conflict of the authorities in this state arose from the fact that at the time the case of Walter A. Wood Co. v. Farnham. supra, was rendered, the Indiana practice act

was in force in the then new territory of Oklahoma, and this case followed the rule in Indiana, while, when the case of Glaser et al. v. Glaser et al., supra, was rendered, we had then adopted the Kansas practice, and the Supreme Court of Kansas had refused to follow the Indiana decision on this question, but held squarely to the contrary, that the statutory ground for a new trial, viz., "error of law occurring at the trial and excepted to by the party making application," will, when embraced in the motion for new trial, present on appeal any objection or exception made to the instructions at the trial in the statutory way. Richardson v. Mackay, 4 Okla. 328, 46 Pac. 546; De Lee v. Blackburn, 11 Kan. 201; Marbourg v. Smith, 11 Kan. 554; St. Louis & S. F. R. Co. v. Werner, 70 Kan. 190, 78 Pac. 410.

The practice in this state is now thoroughly committed to the Kansas rule on the question at bar as laid down in the case of Glaser et al. v. Glaser et al., supra, from which we take the following:

"The eighth statutory cause for a new trial, * * * viz., 'error of law occurring at the trial and excepted to by the party making the application,' will, when embraced in a motion for a new trial, present to the trial court any objection or exception properly made and saved during the progress of the trial, and this includes exceptions to the giving of instructions to the jury; and an assignment of error in this court to the effect that the court erred in overruling the motion for new trial will present for review by the supreme court every alleged error embodied in the motion for new trial." Boyd v. Bryan, 11 Okla. 56, 65 Pac. 940; Strak Bros. v. Glaser, 19 Okla. 502, 91 Pac. 1040; Baker v. Tate, 41 Okla. 353, 138 Pac. 171; Cavanagh v. Johannessen, 57 Okla. 149, 156 Pac. 289.

In the second assignment of error above, the defendant complains of Instruction No. 1, given by the court, which is copied in said assignment and set out above. In the first paragraph thereof, the court correctly instructs the jury that it is incumbent upon plaintiff to establish by a preponderance of the evidence every material allegation in his petition before he is entitled to recover; but, in the second paragraph of the same instruction, he tells the jury, in effect, in order for the verdict to be for the defendant they must believe by a fair preponderance of the evidence that the defendant bank paid the plaintiff, Nolen, $200 in currency. This was the controverted point in the case, and defendant was entitled to a verdict unless the jury found from a fair preponderance of the evidence that the defendant bank did not pay the plaintiff $200 in currency at the time mentioned in the pleadings and evidence. The

first paragraph of the charge was correct, and the second incorrect. The charge was confusing and contradictory. Which one did the jury follow and give effect to? It could not follow both. The evidence in this case was sharply conflicting. There were but two witnesses to the main transaction, and they directly and positively contradicted each other as to whether or not the $200 payment was made.

In the case of Payne v. McCormick Harvesting Machine Co., 11 Okla. 318, 66 Pac. 287, it is said:

"While it is a general rule that all of the instructions must be considered as a whole and construed together and no particular one singled out to the exclusion of another, yet the instructions as a whole must be consistent and harmonious, and, where two instructions contain inconsistent propositions, the cause will be reversed, for the reason that the court is unable to tell which the jury followed and which they ignored."

In the case of Oklahoma Ry. Co. v. Milam, 45 Okla. 742, 147 Pac. 314, the court had under consideration two conflicting instructions, and held therein as follows:

The two instructions are confusing, and it is uncertain which the jury will follow, and, when the evidence is conflicting, a verdict and judgment for either party, under such conflicting instructions, should be reversed.

We take the following from the case of Kelly v. Lewis Inv. Co., 66 Or. 1, 133 Pac. 826, Ann. Cas. 1915B, 568:

"The objection to inconsistent and contradictory instructions is that it cannot usually be determined from the verdict what rule as given by the court the jury adopted."

In the case of Germania Life Ins. Co. v. Klein, 25 Colo. App. 326, 137 Pac. 73, it is said:

"Where two instructions are irreconcilable and one of them is wrong, the instructions are bad as a whole." Chicago, R. I. & P. Ry. Co. v. Clark, 46 Okla. 382, 148 Pac. 998; Hayden v. Consolidated Mining & Dredging Co., 3 Cal. App. 136, 84 Pac. 422; Fogarty v. Southern Pac. Co., 151 Cal. 785, 91 Pac. 650; Walsh v. Henry, 38 Colo. 393, 88 Pac. 449; Stratton Cripple Creek Min. & Development Co. v. Ellison, 42 Colo. 498, 94 Pac. 303; Chickasha Cotton Oil Co. v. Brown, 39 Okla. 245, 134 Pac. 850; Humphrey v. Morgan, 30 Okla. 343, 120 Pac. 577; Best v. Rocky Mountain Nat. Bank, 37 Colo. 149, 85 Pac. 1124, 7 L. R. A. (N. S.) 1035; Smith v. Perham, 33 Mont. 309, 83 Pac. 492.

For the reason given, we recommend that the judgment be reversed and remanded.

By the Court: It is so ordered.