## BAILEY v. CITIZENS BANK OF MEEKER.

No. 16478—Opinion Filed April 6, 1926.

Rehearing Denied June 8, 1926.

**1. Bills and Notes—Liability of Maker on Altered Instrument in Hands of Holder in Due Course.**

A negotiable instrument, which has been materially altered, in the hands of a holder in due course not a party to the alteration is enforceable against the maker only according to its original tenor.

**2. Same—Erroneous Instruction.**

An instruction, that the holder in due course of a negotiable instrument which has been materially altered without the knowledge of such holder may recover upon said altered instrument and enforce it in its condition, is erroneous.

**3. Appeal and Error—Reversal—Inconsistent Instructions.**

Instructions must be considered as a whole, and where two instructions are given containing inconsistent and conflicting propositions tending to confuse the jury, the case will be reversed for the reason that this court is unable to determine which instruction the jury followed.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by Citizens Bank of Meeker against W. E. Bailey. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Saunders & Emerick, for plaintiff in error.

A. M. Baldwin and F. H. Reily, for defendant in error.

Opinion by DICKSON, C. The parties will be referred to as plaintiff and defendant as they were designated in the court below, inverse to the order in which they here appear.

On the 1st day of December, 1923, the plaintiff commenced this action in the superior court of Pottawatomie county to recover a judgment upon a promissory note. The plaintiff alleged in its petition that on the 26th day of January, 1921, the defendant, W. E. Bailey, and one J. R. Anderson, for value, executed and delivered to one E. A. Martin their negotiable promissory note, whereby they promised to pay to the said E. A. Martin, or order, $250 on or before the first day of December, 1923, with interest at ten per cent. per annum from January 1, 1923; that prior to the maturity of said note the said E. A. Martin sold and assigned the same to the plaintiff. The plaintiff prayed judgment for $250 principal, $23 interest, and $27.50 for attorneys' fees.

The defendant by his answer admitted the execution and delivery of the promissory note sued upon, but alleged that since the delivery to the original payee the same had been materially altered, without the consent of the defendant, in this: That said note as originally drawn provided for interest at the rate of ten per cent. from the maturity of said note; and alleged, in effect, that the word "maturity" had been erased and the date "January 1, 1923" had been inserted therein. The defendant further alleged that prior to the maturity of said note, he tendered to the plaintiff the sum of $250, and demanded that said note be canceled. The defendant prayed that the plaintiff take judgment for $250 and no more, and that the defendant be discharged with his costs herein expended.

The affirmative allegations of the answer were put in issue by the plaintiff's reply. It was admitted upon the trial, that prior to the maturity of said note the defendant tendered to the plaintiff the sum of $250, being the face of said note. The evidence on the issue as to the alteration of said note was sharply conflicting, and it is conceded was sufficient to take the case to the jury. Over the objection and exception of the defendant, the court gave to the jury its instruction No. 4 as follows:

"You are therefore instructed in this case that if you believe by a preponderance of the evidence that the said note was altered after delivery to the payee, and further believe by a preponderance of the evidence that the plaintiff bought said note in due course of business, before maturity, and without actual knowledge or notice of such alteration, or that such alteration, if any, was not such as to put the buyer of said note, in the exercise of ordinary care and prudence, on notice that there might be such alteration, then your verdict must be for the plaintiff for the face of the note plus the interest, to wit: $273."

The jury returned a verdict for the plaintiff for $250, and interest at ten per cent. from January 1, 1923, and judgment was accordingly entered. The defendant unsuccessfully moved for a new trial, and has duly appealed to this court, and among the other assignments of error, it is alleged that the court erred in giving to the jury instruction No. 4. It will be observed that by this instruction the jury were authorized to return a verdict in favor of the plaintiff for the amount of said note and interest, even though the jury found that it had been materially altered after delivery and without the consent of the defendant, provided the plaintiff bought said note in due course of business, without actual knowledge of said alteration, and provided that such alteration was not such a one as to put the buyer upon notice. The alteration alleged was a material alteration. It changed the liability for interest from December 1, 1923, to January 1, 1923. C. O. S. 1921, section 7795. The instruction complained of is in direct conflict with section 7794, C. O. S. 1921, which provides that:

"When an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor."

The court, however, instructed the jury, that in the event they found that the instrument had been altered after delivery, without the consent of the defendant, and that the plaintiff was not a party to such alteration, it might enforce payment thereof according to the tenor thereof in its altered condition.

It is true, as contended by the plaintiff, that the court by its instruction No. 6 told the jury, that if they found from the evidence that the note had been altered as alleged, and that the plaintiff without notice or knowledge of such alteration purchased

said note in good faith, then they should return a verdict for the plaintiff for $250, the face of the note. The giving of this instruction in no way relieves the situation. The two instructions were in direct conflict and there is no way for us to determine which of the instructions the jury followed in arriving at its verdict. An erroneous instruction is not cured by a proper instruction in conflict therewith. Pittsburg Co. Ry. Co. v. Hasty, 106 Okla. 65, 233 Pac. 218; First National Bank v. Nolen, 59 Okla. 20, 157 Pac. 754.

For the reason stated the judgment is reversed, and the cause remanded to the superior court of Pottawatomie county, with instructions to set aside the judgment and verdict and grant a new trial.

By the Court: It is so ordered.

Note.—See under (1, 2) 8 C. J. p. 730 § 1011. (3) 4 C. J. p. 1031 § 3013; 38 Cyc. pp. 1605, 1607, 1778; 14 R. C. L. p. 777, 3 R. C. L. Supp. p. 282; 4 R. C. L. Supp. p. 918.