FIRQUAIN v. FIRQUAIN.

No. 33863. Nov. 21, 1950.

Rehearing Denied Dec. 12, 1950.

*225 P. 2d 162.*

Milton Keen, of Clinton, for plaintiff in error.

Meacham, Meacham, Meacham & Meacham, of Clinton, for defendant in error.

HALLEY, J. The parties occupy the same positions here that they did in the trial court, and will be referred to as plaintiff and defendant.

The plaintiff and defendant were married July 10, 1944. Plaintiff was 20 and defendant 23. To the marriage one child was born, and at the time of trial the plaintiff was six months pregnant with a second child, which has now been born. This action was filed on April 10, 1948. It appears from the evidence that the parties lived to themselves not quite two years. The other part of the time they lived with her people at Weatherford, Oklahoma, or with his mother or his brother. The defendant changed employment frequently, and from the evidence did not seek and hold jobs as he should have with his responsibilities. On November 16, 1947, he moved his wife and child back with her parents, and with the exception of one week, which was spent at his mother's, did not contribute anything to their support except for $10, which he claimed he sent but which she said she never received.

At the trial the plaintiff was granted a divorce and awarded the custody of the child and the child to be born, but the defendant was to have the child then alive for three months of the year, June, July, and August, and he was to have the child yet to be born for the same time after it reached four years of age. He was required to pay $40 per month child support and $100 for the medical expense at the birth of the second child, and to pay $140 immediately and pay a total of $50 attorney's fee. Each party was required to post bond for $500 that the child or children be placed with the other parent at the time provided.

The plaintiff set up as her assignments of error the four grounds of her petition in error, which are as follows:

"(1) The District Court erred in awarding no alimony to plaintiff in error.

"(2) The District Court erred in awarding any part of the custody to the defendant in error, as to either the three-year-old child or the then unborn child.

"(3) The District Court erred in requiring that plaintiff in error be required to give bond in any sum whatsoever requisite to her having custody of either her three-year-old child or her then unborn child.

"(4) The District Court erred in fixing the amount of monthly payments for maintenance and child support, in fixing the amount for medical attention for plaintiff in error, and in fixing the amount to be paid as attorney fees, as the amounts fixed are wholly insufficient. The evidence shows an ability and duty on the part of defendants in error to make greater payments, and such payments should be increased."

These contained alleged errors which were not found in the motion for new trial, which is as follows:

"Comes now the plaintiff and moves the court to vacate and set aside the Order and Judgment rendered herein on the 21st day of June, 1948, insofar as it affects custody of and maintenance for the minor children of the marriage of the parties hereto, and to grant a new trial for the following causes which affect materially the substantial rights of said plaintiff:

"(1) That the Court abused its discretion in awarding custody of the minor children of said marriage to the defendant.

"(2) That the maintenance and support payments ordered by the court to be paid by defendant are wholly insufficient and the evidence shows an ability and a duty on the part of the said defendant to make greater payments.

"(3) That the Order and Judgment of the Court with reference to custody and maintenance and support money is contrary to the law and the evidence.

"(4) That it is not for the best interest of the minor children of said marriage, during their tender years, to be placed in the custody of the defendant."

The motion for new trial did not complain about the failure to award alimony, the requirement of the bond, and the amount fixed as attorney fee. We have held that all matters occurring at the trial which are proper causes for a motion for new trial will be deemed to have been waived unless presented in the motion for new trial, and this court will not consider them after they have been once waived. Glaser et al. v. Glaser et al., 13 Okla. 389, 74 P. 944; City of Healdton v. Blackburn, 169 Okla. 357, 37 P. 2d 311; Brooks Packing Co. v. Eastman Laboratories, 187 Okla. 344, 103 P. 2d 93.

There was no evidence offered which would require that alimony be granted. It all showed that the parties had accumulated nothing during their marriage.

The bond requirement is rather unusual, but the trial judge probably felt it would work no undue hardship on either the plaintiff or the defendant, and might save some trouble in the future.

We think the attorney's fee was too small. There were different lawyers representing the plaintiff at the trial than on appeal. If they were satisfied, as they must have been since they did not set this up on motion for new trial, we do not see how the plaintiff can now complain.

Really this appeal raises only two questions, and those are that the defendant was not a proper person to have the custody of the children at any time, and that the court did not make a sufficient allowance for child support. As to the first proposition, there is nothing in the record that would justify the conclusion that the defendant was not a proper person to have the custody of the children during the summer months. His mother was shown to have a comfortable and decent home where the children could be cared for. There was some evidence introduced that the defendant drank to excess, but this was very sketchy and certainly not sufficient to deprive the father of the custody of his children for three months of the year, when he supports them.

As to the second proposition, which is the child support, it would seem to us that $40 per month is not enough for the support of two children anywhere in Oklahoma, but no evidence was offered, and the trial judge has lived long in his district and knows the economic conditions there. The question of proper allowance for child support is a matter that can always be heard by the trial court on proper motion.

We have many times held that in a case of equitable cognizance the judgment or findings of the trial court will not be disturbed unless clearly against the weight of the evidence.

Judgment affirmed.

Rehearing Denied Dec. 12, 1950.