John F. KUPKA, Plaintiff in Error,

v.

Bob BLEVINS, a minor, by his father and next friend, L. G. Blevins, Defendant in Error.

No. 39606.

Supreme Court of Oklahoma.

June 12, 1962.

Rucker, Tabor, Best, Sharp & Shepherd, Joseph M. Best, O. H. "Pat" O'Neal, Tulsa, Andrew C. Wilcoxen, Jr., Muskogee, for plaintiff in error.

Norman & Wheeler, Chester Norman, Chal Wheeler, Muskogee, for defendant in error.

PER CURIAM.

This is an action in tort wherein plaintiff sought to recover damages for the loss of his right eye and for pain and suffering caused by the negligence of the defendant in using a defective belt on a tractor to pull a hay baling machine. The belt broke and a piece of it struck plaintiff in his eye.

The jury returned a verdict in the amount of $25,000.00 for the plaintiff and same was approved by the court.

The parties will be referred to as they appeared in the trial court.

Within legal time defendant filed his written motion for a new trial and the sole and only grounds set forth in said motion are as follows:

"1. Error of law occurring at the trial and excepted to by the defendant.

"2. That the verdict is not sustained by the evidence.

"3. That the verdict is contrary to the law and the evidence.

"WHEREFORE, defendant prays the court to grant a new trial."

The above motion was properly signed and filed by attorneys for defendant.

■ The defendant, for reversal, relies upon only one question and so states in his brief as follows:

"Thus, simply our sole contention on appeal is that the $25,000.00 verdict was grossly excessive and rendered under the influence of passion and prejudice."

The plaintiff has raised the question that since defendant did not in his motion for

new trial assert that the verdict was excessive and given under the influence of passion and prejudice he cannot present said question on appeal.

We are of the opinion that this contention is decisive of this appeal.

The statutory enumeration of the grounds for a new trial is set out in Title 12 O.S. 1961 § 651, and subdivision 4 of that section reads as follows:

"Fourth: Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice."

This court has held in an unbroken line of decisions that all matters occurring at the trial which are proper causes for a motion for a new trial will be deemed to have been waived unless presented in the motion for new trial, and this court will not consider them after they have once been waived. Firquain v. Firquain, 203 Okl. 621, 225 P.2d 162; and cases cited therein. Citizens State Bank of Fort Gibson v. Straham, 63 Okl. 288, 165 P. 189.

The defendant has not filed a reply to plaintiff's answer brief in answer to the above contention.

An examination of the record herein discloses that on the hearing of the motion for new trial there was a verbal discussion with the court as to the excessiveness of the judgment. This question, as well as other contentions, were heard by the court. This oral discussion would not breathe life into the original motion for new trial which was filed on October 31, 1960. The motion for new trial was heard some 32 days later. Title 12 O.S.1961 § 654, provides that "the application [for a new trial] must be by motion, upon written grounds, filed at the time of making the motion. * * *"

There was never a written motion for a new trial in this case which set forth the grounds as provided for in subdivision 4 of Title 12 O.S.1961 § 651. The question of excessive damages was therefore waived and the defendant is precluded from raising the question in this court.

Judgment affirmed, and judgment is hereby entered in favor of plaintiff on the supersedeas bond.

The court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.