**AMERICAN BODY & TRAILER, INC., a corporation, Plaintiff in Error,**

**v.**

**Contzd BOYD, the Hanover Fire Insurance Company, a corporation, Jackson & Barton, a partnership, G. G. Jackson, Claude Barton & C. I. T. Corporation, Defendants in Error.**

**No. 41299.**

Supreme Court of Oklahoma.

Jan. 24, 1967.

Arnote, Bratton & Allford, McAlester, for plaintiff in error.

James R. Reidy, Poteau, for defendant in error, Contzd Boyd.

Tucker & May, by James M. May, Mc-Alester, for defendant in error, C. I. T. Corporation.

Claude Monnet, Monnet, Hayes, Bullis, Grubb & Thompson, Oklahoma City, Dick Miller, II, Varner & Miller, Poteau, for defendant in error, Hanover Ins. Co.

IRWIN, Vice Chief Justice.

This action was instituted by Defendant in Error, Contzd Boyd, hereinafter designated plaintiff or "Boyd", against various defendants, to-wit: (1) The Hanover Fire Insurance Company, designated herein as "Hanover", which issued a collision insurance policy covering a certain trailer, (2) Jackson & Barton, (the partnership and the individuals) the insurance agency that wrote the above mentioned insurance policy, (3) American Body & Trailer, Inc., designated herein as "American", who sold the above trailer to Boyd and (4) Bill West, an employee and agent of American. The C. I. T. Corporation was made an additional party defendant and will be designated "C. I. T.".

On October 30, 1958, Boyd purchased a semi-trailer from American and executed a note and conditional sales contract, which were assigned to C. I. T. Hanover, through Jackson & Barton, issued their insurance policy covering the trailer against collision for a three year period, from October 30, 1958, through October 30, 1961, and C. I. T. was named as loss payee therein. In January of 1961, the trailer was damaged in a collision and Boyd immediately notified Jackson & Barton. Thereafter Boyd was notified by Jackson & Barton that the policy had been cancelled about eleven months earlier. Plaintiff then instituted this action under said insurance policy and in one cause of action sought the sum of $2,300.00, the estimated cost of repairing said trailer, and in a second cause of action the sum of $8,400.00 for the loss of use of said trailer.

A jury was waived and the matter was tried to the court. In so far as pertinent to this appeal, judgment was rendered holding the insurance policy of Hanover was not effectively cancelled; that Hanover was liable to Boyd under the terms of the policy, less the deductible provision; that Hanover was entitled to the "unearned premium" held and tendered into court by Jackson & Barton; that American was liable to Boyd for $7,500.00 for the loss and use of said trailer, and that none of the other defendants were liable to Boyd.

Hanover and American each filed a motion for new trial and from the order overruling same, only American perfected this appeal.

PROPOSITION I

American contends it submitted a demurrer at the close of plaintiff's evidence and again at the close of all the evidence and that plaintiff neither alleged nor proved any cause of action against it and the trial court erred in overruling its demurrers. We agree.

Under the first cause of action plaintiff sought damages in the sum of $2,200.00 for the repair of said trailer, under the terms

of the insurance policy. Under the second cause of action plaintiff sought damages for the loss of use of the trailer at the rate of $70.00 per day or $8,400.00. In this second cause, plaintiff referred to Hanover and alleged he was entitled to damages for the loss of use of the trailer since the date of the breach of contract. Then follows the allegations directed at American, to-wit:

"\* \* \* That if notice of cancellation was known to the defendants, American, or its agent, Bill West, then and in that event, the said defendants breached their duty and obligation to this plaintiff, and their failure to so inform your plaintiff constitutes a breach of contract and agency relationship, and by virtue thereof said defendants are jointly and severally liable for the resulting loss and damage to your plaintiff flowing from this breach."

It is obvious that the judgment against American for $7,500.00 was rendered under the second cause of action.

The alleged breach of an obligation or duty on behalf of American is directed at American's obligations and duties under the conditional sales contract and not at any obligations or duties under the terms of the insurance policy. This is confirmed by plaintiff's counsel in his opening statement when he stated that plaintiff was seeking the loss of use of this trailer and loss of profit under the repudiation of the insurance contract, which refers to Hanover and Jackson & Barton, and also from the other defendants under the breach of said conditional sales contract.

The conditional sales contract in part provides:

"Buyer (Boyd) agrees: to procure forthwith and maintain fire insurance with extended coverage on the equipment for the full insurable value thereof for the life of this contract plus other insurance thereon in amounts and against such risks as you (American) or assigns may specify, and promptly deliver each policy to you (American) or assigns with a standard long form endorsement attached thereto showing loss payable to you (American) and assigns as respective interests may appear; \*. \* \*." (Inserts added).

By the clear express language of the conditional sales contract plaintiff agreed and was obligated to procure and maintain insurance coverage on this trailer. This contract places absolutely no duty or obligation on American to procure and maintain insurance on this trailer. Failure of American to notify plaintiff the insurance had been cancelled, assuming such matter had occurred and was known to American, would not constitute a breach of the conditional sales contract as shown above. The insurance coverage requirement in the conditional sales contract would also be for the benefit of American or its assigns. The above alleged conduct by American might be argued as a waiver of this insurance requirement but such would not be a breach of its obligations or duties under the conditional sales contract.

Furthermore, the allegations in the second cause, which are directed at American, are submitted in the nature of a condition. That is, "If notice of the cancellation was known by American, *then and in that event*, said defendants breached their duty and obligation to this plaintiff." The judgment of the trial court held that the policy of insurance was not effectively cancelled but same was in full force and effect. In other words, there was no cancellation. As a practical matter, how can American know of the cancellation or be held accountable and chargeable therefor if cancellation never occurred.

In Craft v. Bates, Okl., 372 P.2d 10, we held:

"Where a party wholly fails to prove facts sufficient to entitle him to recover against an opponent, a demurrer to his evidence should be sustained."

We have searched the record and failed to find any evidence whatsoever, and none was brought to our attention by plaintiff, which reflects defendant American breach-

ed any of its obligations or duties to plaintiff under the terms of the conditional sales contract. American's demurrer to the evidence should have been sustained. We therefore reverse this portion of the judgment.

## PROPOSITION II

American contends the trial court erred in failing to render judgment against Hanover in favor of the loss payee in the insurance policy, C. I. T. Corporation, since the court entered judgment that the policy was not cancelled. In this connection, American argues that it can urge this error because its assignment of the conditional sales contract to C. I. T. was with recourse.

In Pulliam v. State of Oklahoma, Okl., 369 P.2d 646, we held that this Court will not review an alleged error of the trial court unless error complained of has been set up and presented in motion for new trial as well as assigned for review by petition in error.

Neither American nor C. I. T. specifically prayed that a judgment be rendered against Hanover in favor of the loss payee, C. I. T., but the substance of the prayers of both defendants was that the other was the proper defendant and that the action should be dismissed against the pleader. This is clarified by C. I. T.'s motion to dismiss as to it at the close of the evidence and American's demurrer to the evidence and motion for judgment in its favor "for the reason that all of the evidence in this case fails to sustain a cause of action" against it.

In American's motion for new trial it alleged eleven specifications of error. The first ten challenged the judgment of $7,500.00 rendered against it and the eleventh specification was "Error of the Court appearing on the face of the decision entered herein * * *." There is a clear-cut distinction between this eleventh specification and the eleventh specification in American's petition in error wherein it alleged "Said Court erred in failing to render judgment in favor of C. I. T. Corporation against Hanover Fire Insurance Company, under the terms and conditions of the insurance policy in question".

There is nothing in the trial court's decision disclosing that C. I. T. was the loss payee in the insurance contract or that it or American was entitled to a judgment against Hanover in favor of C. I. T. Under these circumstances there was no "error appearing on the face of the decision", and since such error was not presented in American's motion for a new trial the same will not be reviewed as an alleged error on appeal. We therefore affirm this portion of the judgment.

Judgment affirmed in part and reversed in part.

All the Justices concur.