**FEDERAL CORPORATION, Appellant,**

**v.**

**INDEPENDENT SCHOOL DISTRICT NO. 13, PUSHMATAHA COUNTY, Oklahoma, Appellee.**

**No. 51140.**

Court of Appeals of Oklahoma, Division No. 1.

Oct. 10, 1978.

Rehearings Denied Nov. 21, 1978.

Certiorari Denied Feb. 8, 1980.

Approved For Publication By Supreme Court Feb. 14, 1980.

Prospective In Effect From And After Feb. 8, 1980.

Shirk, Work, Robinson & Williams by William J. Robinson, Oklahoma City, for appellant.

Stamper, Otis & Burrage, by Michael Burrage, Antlers, for appellee.

ROMANG, Judge:

In this appeal Appellant alleges four propositions of error. Since these issues were not presented in Appellant's Motion for a New Trial, we dismiss the appeal for reasons stated below.

Appellant's Motion for a New Trial states as the only ground for the Motion that

**1142**

". . . The decision is not sustained by sufficient evidence and is contrary to law."

The ruling appealed from involved the sustension of pleadings, motion and a demurrer filed by the Appellee and the award of attorney's fees to Appellee.

Appellee initially challenges the appeal by relying on 12 O.S. 1971, § 991(b); *Walter A. Wood Mowing and Reaping v. Farnham, 1 Okl. 375, 33 P. 867 (Okl.Terr.1893); Arnold v. Board of County Commissioners, 124 Okl. 42, 254 P. 31 (1926); Maxfield v. Maxfield, 258 P.2d 915 (Okl.1953);* and *Reeves v. Melton, 518 P.2d 57 (Okl.App.1974).* In essence it argues that the Appellant's motion was too vague to apprise the trial court of the basis of Appellant's claims and that the statute prevents raising issues on appeal not raised in the motion for a new trial. Appellant, in reply, attempts to distinguish the cited cases but offers no rationale to bring its case out of 12 O.S. 1971, § 991(b) nor are we offered any reason as a matter of principle why § 991(b) does not apply.

Twelve O.S. 1971, § 991 was added to our statutes in 1968. Section 991(a) removed the necessity of filing a motion for a new trial as a prerequisite to appeal. While such a motion was no longer necessary for appeal, § 991(b) provided that

> "[i]f a motion for a new trial be filed and a new trial be denied, the movant may not, on the appeal, raise allegations of error that were available to him at the time of the filing of his motion for a new trial but were not therein asserted."

Appellant does not assert that the issues now raised are issues of serious public concern under *Barks v. Young, 564 P.2d 228 (Okl.1977)* but would have us believe that its motion effectively asserts the issues now raised for purposes of 12 O.S. 1971, § 991(b).

In *Walter A. Wood Mow. & Reap. Co. v. Farnham, supra,* the Supreme Court of the Oklahoma Territory held that a motion for a new trial based on "errors of law occurring at the trial, and excepted to by the defendant" was "too general, uncertain, and indefinite to present any question . . .." for appeal. 33 P. at 868. Appellant notes that *Farnham* was distinguished and disavowed to the extent it was inconsistent with *Richardson v. Mackay, 4 Okl. 328, 46 P. 546 (1896)* when the Supreme Court of the Oklahoma Territory permitted an appellant to predicate error on the overruling of a motion alleging "errors of law occurring at the trial, and excepted to by the . . . [Appellant]." 46 P. at 548. This portion of the motion was held sufficient to permit review of "the action of the court in overruling the motion made by the defendant below to set aside the report of the referee, and grant him a new trial; . . . [and permit] consideration of the questions presented upon his claim that the amount assessed against him was too large, and that the findings of the referee were not sustained by sufficient evidence." 46 P. at 548–549. But the court never explained why it felt its decision was consistent with *Farnham* or, if not, why *Farnham* was disapproved.

*Arnold v. Board of County Commissioners, supra,* is the earliest statehood case discussed by the parties. In that case the Supreme Court held that a motion for a new trial alleging (a) "error of law occurring at the trial and expected to by the defendant" and (b) "error of the court in rendering judgment against this defendant, because the same is not sustained by the evidence, and is contrary to law" was insufficient to raise on appeal appellant's motion to compel the plaintiff to separately state and number his causes of action and to make his petition more definite and certain. As to (a) the Court noted the error did not occur at trial and as to (b) the Court noted that it had nothing to do with pretrial motions.

In *Maxfield v. Maxfield, supra,* we are not given the language of the motion held insufficient to raise an issue. The Court merely cites the rule "that assignment of error going to matters not occurring at the trial and not presented to the trial court in the motion for new trial will not be considered on appeal." 258 P.2d at 920.

In *Reeves v. Melton, supra*, this Court held that where a motion for new trial did not mention the trial court's instructions, errors concerning those instructions were not preserved for appeal. The exact language of the motion was not given.

Appellant additionally seems to argue that since the errors alleged properly fall within 12 O.S. 1971, § 651 Sixth, that the use of the statutory language, i. e., "[t]hat the verdict, report or decision is not sustained by sufficient evidence, or is contrary to law", is sufficient for purposes of 12 O.S. 1971, § 991.

In a review of several recent cases dealing with the issue at hand we discover that frequently the issue is foreclosed, or the language of the motion is not included in the opinion, and give us little guidance on our question. Other cases do give some guidance. In *Poteete v. MFA Mutual Insurance Co., 527 P.2d 18 (Okl.1974)*, the Court held that an alleged erroneous application of the best evidence rule had not been preserved in the motion for a new trial. *American Body and Trailer, Inc. v. Boyd, 423 P.2d 1020 (Okl.1967)*, held that a motion complaining of error "of the Court appearing on the face of the decision . . ." was not the same as the specification in appellant's petition in error which alleged "[s]aid Court erred in failing to render judgment in favor of [X] . . . against . . . [Y] . . . ." to preserve the latter error. 423 P.2d at 1023.

In *Kupka v. Blevins, 372 P.2d 607 (Okl. 1962)*, the Court held that error because of an excessive and prejudiced verdict had not been preserved. The Court there noted the statutory language of 12 O.S. 1971, § 651 Fourth and that the motion did not raise this question. In *Taxicab Drivers' Local Union No. 889 v. Pittman, 322 P.2d 159 (Okl.1957)*, the Court held that an appellant could not raise questions of service on an unincorporated association when that was not raised in the motion for new trial.

The last case in our selected review is *Tuck v. Buller, 311 P.2d 212 (Okl.1957)*. In that case the Court held that the alleged error "in permitting the highway patrolman

to testify with respect to the point of impact between the two vehicles," 311 P.2d at 213, was preserved by a motion for a new trial alleging "that the verdict was not sustained by sufficient evidence and was contrary to law, and that there were errors of law occurring at the trial which were excepted to by the defendant." 311 P.2d at 213. But it is not clear from the opinion whether the Court considered this error encompassed within the above-quoted grounds of the motion or whether the other alleged grounds for the motion, apparently not ruled upon specifically by the trial court, were sufficient. See discussion 311 P.2d at 213–214.

This lengthy review leads us at last to our alleged appellate errors and the instant motion. Appellant alleges (1) improper venue, (2) a question of proper party defendants, (3) that appellee waived certain objections by entry of appearance, and (4) that attorney's fees are not recoverable. Twelve O.S. 1971, § 651 provides for a new trial by a re-examination "of an issue of fact, or of law, either or both, after a verdict by a jury, the approval of the report of a referee, or a decision by the court." It is clear from this language that a motion for a new trial is proper to obtain re-examination by the same court of an issue of law "after . . . a decision by the court." Thus the issues sought to be raised on appeal are matters proper for re-examination on a motion for a new trial. Although *Farnham, supra*, is not direct authority, the reason for the rule given there is true justification for the rule. In *Farnham* the Court noted that the purpose of limiting the issues on appeal to those raised in the motion for a new trial is to give the trial court an opportunity to correct its own errors before the costly process of appeal is begun. Cf. Fraser, Oklahoma's New Judicial System, 21 Okla. L.Rev. 373, 395 (1968).

■■■ In light of this purpose and the language and history of the rule, we believe Appellant's Motion failed to preserve the issues raised in its brief. Merely alleging, albeit in language similar to the statutory language of 12 O.S. 1971, § 651 Sixth, that

the trial court's decision "is not sustained by sufficient evidence, [and] is contrary to the law" does not direct the trial court's attention to the specific errors urged on appeal. This is no technical application of a procedural rule but a continuation of a well-established principle of appellate practice. Cf. *Kupka v. Blevins, supra*, 372 P.2d at 608. A motion for a new trial must adequately inform the trial court of the errors sought to be alleged. If the current *motion was deemed adequate, the function* of the motion would be lost.

■ This analysis necessarily results in dismissal of the appeal since no issues are properly before us. Appellee has added a prayer for additional attorney's fees on appeal. Appellee relies on cases upholding the right of an appellate court to award additional attorney's fees on appeal where such fees are authorized by statute or contract for the basic action. We are given no authority for an appellate award of attorney's fees in a case where the appeal is dismissed for lack of appealable issues. Further, to resolve Appellee's request we would of necessity have to characterize the action which is a part of the substantive issues we decline to consider. Not having an appeal properly before us we doubt the propriety of an award of additional attorney's fees, especially where that issue was not addressed by the parties. In any event, we do not believe additional attorney's fees should be awarded in this case.

APPEAL DISMISSED.

REYNOLDS, J., concurring.

## ORDER

Petition for Certiorari to review the opinion of the Court of Appeals, Division I, is hereby granted for the limited purpose hereinafter stated:

The opinion of the Court of Appeals, Division I, in the case of Federal Corporation, Appellant, v. Independent School District No. 13, Pushmataha County, Oklahoma, SC #51,140, dated October 10, 1978, is hereby approved for publication in the official Reporter and shall constitute precedent; PROVIDED FURTHER, that the rule announced therein shall be prospective in effect from and after the date of this order, except same shall have full force and effect insofar as the present case is concerned. The petition for certiorari is otherwise denied.

DONE BY ORDER OF THE SUPREME COURT OF THE STATE OF OKLAHOMA IN CONFERENCE, this 29th day of October, 1979.

Lavender, C. J., Williams, Hodges, Barnes, Simms, Doolin and Hargrave, JJ., concur.

Irwin, V. C. J., and Opala, J., dissent.